The State ex rel. Funke vs. Burgeson and others.

---

THE STATE EX REL. FUNKE, Appellant, vs. BURGESON and others, Supervisors, Respondents.

*October 30 — November 16, 1900.*

*Highways: Petition for alteration: Laying out new road: Uncertainty in description.*

1. Under secs. 1265–1269, Stats. 1898 (authorizing the supervisors of a town, upon proper petition and notice, to "lay out, alter, widen or discontinue any highway"), a new and separate highway with different termini cannot be laid out upon an application to alter an existing highway.

2. The order altering a highway must, under sec. 1269, Stats. 1898, contain an intelligible description of it as altered.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action of *certiorari* brought to set aside certain proceedings of the town board of supervisors of the town of Hill, Price county, purporting to alter two certain highways in said town. The petition for the alteration of the highways was signed by the requisite number of freeholders, and the alteration of highways desired was described in said petition as follows: "To alter a highway in said town known as the Settlement road, and passing at the place to be so

altered along the north section line of section 10, township 34 north, of range 2 east, the same being 4 rods wide, and a road on the east section line of said section 10 — 34 — 2 east, as follows: Beginning at a point 16 rods south of the northeast corner of section 10, township 34, range 2 east; thence southwesterly 86½ rods to a point on the Spirit Lake road 13 rods east from ⅛ line where said Spirit Lake road crosses the ⅛ line 12 rods north from the sw ⅛ post of the ne ¼ of the ne ¼ of section 10, township 34 north, of range 2 east,—all of the same passing through the northeast quarter of the northeast quarter, section 10, township 34 north, of range 2 east, in Price county, Wisconsin." The situation will more clearly appear on examination of the following map of section 10 named in the petition:

The road marked "Settlement Road" upon the north side of section 10 and the road bearing no name upon the east side of section 10 are the roads which were expected to be altered by the proceedings upon the petition, and the diagonal road marked "Proposed Road" upon the map was an entirely new highway running through the plaintiff's lands, by the laying out of which it was expected to alter the firstnamed roads. The supervisors acted upon the petition in accordance with the statute, and finally made an order purporting to alter said highways in the exact terms of the petition.

The relator was the owner of the east half of the northeast quarter of the section, through which the new road ran; and he refused to accept the damages awarded him, and brought this action, claiming that there had been no legal alteration of any highway. Return having been duly made to the writ by the board of supervisors, the circuit court affirmed the proceedings of the board, and the relator appealed.

For the appellant the cause was submitted on the brief of *M. Barry.*

*H. C. Peters*, for the respondents, contended, *inter alia*, that the description is sufficient. 15 Am. & Eng. Ency. of Law (2d ed.), 361; *Hyde Park v. County Comm'rs of Norfolk Co.* 117 Mass. 416; *Taft v. Comm.* 158 Mass. 526; *Jackson v. Rankin*, 67 Wis. 285; *State ex rel. M., L. S. & W. R. Co. v. O'Connor*, 78 Wis. 282; *Neis v. Franzen*, 18 Wis. 537. If the road in the case at bar is such an independent separation from the old road that it cannot be an alteration, this proceeding ought to stand so far as to establish it as a new road. *Bliss v. Deerfield*, 13 Pick. 10₂, *Comm. v. County Comm'rs of Berkshire Co.* 8 Pick. 343; *Raymond v. County Comm'rs of Cumberland Co.* 63 Me. 112.

WINSLOW, J. The statutes authorize the supervisors of a town, upon proper petition and notice, "to lay out, alter,

widen or discontinue any highway," and require them to incorporate in their order " a description of the highway so laid out, altered, widened or discontinued." Stats. 1898, secs. 1265–1269, inclusive.

It is evident from the terms of the statute that the alteration of a highway is an entirely different thing from the "laying out" or the "discontinuance" of a highway. The *alteration* of a highway, as the word itself indicates, means the change of course of an existing highway, leaving it substantially the same highway as before, but with its course in some respects changed. While an *alteration* will necessarily require the condemnation of additional lands, and will result in the vacation or discontinuance of that part of the former highway not included within the limits of the altered course, the proceeding to alter a highway does not thereby become a proceeding to lay out a new highway or to discontinue an old one. The proceedings are separate and distinct, and intended so to be; and a new and separate highway cannot be laid out upon an application to alter an existing highway. *Comm. v. Cambridge,* 7 Mass. 158; *Vedder v. Marion Co.* 28 Oreg. 77. In the present case it is plain that the attempt made was to lay out a new and separate highway with different termini, under the claim that it was simply an alteration of two existing highways.

Furthermore, it is impossible to tell from the description in the petition and order what parts of the existing highways are intended to be altered. The statute requires a description of the highway so altered to be incorporated in the order, so that in this respect also the proceedings fail to comply with the statute.

*By the Court.*— Judgment reversed, and action remanded with directions to reverse the proceedings of the supervisors.