64    SUPREME COURT OF WISCONSIN.    [110

Blair and others vs. Milwaukee Light, Heat & Traction Co.

BLAIR and others, Respondents, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Appellant.

*March 21 — April 9, 1901.*

*Highways: Establishment: Conclusiveness of description in order: Surveys.*

1. Sec. 58, ch. 19, R. S. 1858, required the supervisors to make a description of a highway as laid out and "incorporate the same in an order" signed by them and recorded in the town clerk's office. Sec. 59 provided that such order "shall be *prima facie* evidence of the regularity of all the proceedings prior to the making" thereof. *Held*, that the description in such an order is conclusive as to the location of the highway and cannot be contradicted by the evidence of the person who made the survey or by his written memoranda thereof, and that, if the description is so indefinite that the highway cannot be located therefrom, the order is void.

2. Where the monuments stated in the description of a highway as contained in the order laying it out cannot be located from such order, but only by resort to the original survey, the situation does not come within the rule that courses and distances must yield to monuments, and that in cases of ambiguity practical construction may be resorted to.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

For the respondents there was a brief by *Frame & Blackstone,* attorneys, and *W. J. Turner,* of counsel, and oral argument by *Mr. H. J. Frame* and *Mr. Turner.*

CASSODAY, C. J.    This is an appeal from an order appointing commissioners for the condemnation of a strip of land occupied by the defendant, and made upon the petition of the plaintiffs, as landowners. Such condemnation is resisted on the sole ground that the *locus in quo* is within the limits of what is known as Delafield street or highway, as located

and laid out by the board of supervisors June 14, 1858, and
that such occupancy has been authorized by the city. It is
conceded that the original order of the supervisors, as it ap-
pears of record and of itself, fails to describe the Delafield
road, or any part of the strip of land here sought to be con-
demned. The contention is that the description in that
order is ambiguous, and in fact absurd, and should be con-
strued according to the actual survey made at the time,
which is preserved in writing with the records of the town.
That is to say, the words "thence north eight minutes, and
four degrees *west*," contained in the order, should be con-
strued to mean "thence north eight degrees, four minutes
*east*," as contained in the survey; and so the words "north
fifty-nine minutes, and two degrees *west*," contained in the
order, should be construed to mean "north fifty-nine de-
grees, two minutes *west*," as contained in the survey; and
so the words "thence north forty-nine minutes, thirty de-
grees west," contained in the order, should be construed to
mean "thence north forty-nine degrees, thirty minutes *west*,"
as contained in the survey. In support of such contention
counsel urge the well-recognized rule that courses and dis-
tances must yield to monuments, and in case of ambiguity
practical construction may be resorted to. *Racine v. J. I.
Case P. Co.* 56 Wis. 539; *Miner v. Brader*, 65 Wis. 537;
*Racine v. Emerson*, 85 Wis. 80; *Madison v. Mayers*, 97 Wis.
410, 411; *Heinselman v. Hunsicker*, 103 Wis. 12. It is
claimed that the order in question contains such monuments.
Thus, counsel calls attention to the fact that the order men-
tions as such monuments a "burr-oak tree," also a "white-
oak tree," also a "bridge over Barnard's race," and also "the
town line of Pewaukee." Such so-called monuments are
mere bearings at certain distances from stakes set by the
surveyor. But to find the first stake, thirty-seven links from
the "burr-oak tree," it is necessary to go thirteen chains
from the starting point, on the course mentioned in the sur-

Blair and others vs. Milwaukee Light, Heat & Traction Co.

vey, "east," instead of the course mentioned in the order, thirteen chains "west;" and similar difficulties are encountered as to such other bearings. In other words, it is impossible to say from anything contained in the order that any portion of the *locus in quo* is within the limits of the highway laid out or attempted to be so laid out June 14, 1858. The statute then in force required the supervisors to "make out a description of the highway so laid out, altered, or discontinued, *and incorporate the same in an order* to be signed by them, and shall cause such order to be filed and recorded in the office of the town clerk, who shall note the time of recording the same in the record." Sec. 58, ch. 19, R. S. 1858; sec. 1269, Stats. 1898. The statute at the time also provided that "the order laying out, altering, or discontinuing any highway, or a copy of the record thereof, duly certified by the town clerk, shall be received in all courts and places as competent evidence of the facts therein contained, and shall be *prima facie* evidence of regularity of all the proceedings prior to the making of such order." Sec. 59, ch. 19, R. S. 1858; sec. 1298, Stats. 1898. Thus it appears that the statute required the description of the highway to be incorporated into the order signed by the supervisors, and that such order, or a certified copy thereof, should be competent evidence of the facts therein contained. If the description in the order is so indefinite that the road therein mentioned cannot be located therefrom, then the order is void. *State ex rel. Funke v. Burgeson,* 108 Wis. 174. If, on the contrary, the description therein contained is definite and certain, yet, since no part of the land here sought to be condemned comes within the description therein given, it follows that such order is no ground for resisting such condemnation proceedings. We must hold that the description contained in the order is conclusive upon all parties, and cannot be contradicted even by the surveyor who made the survey, nor his written memoranda of such survey.

*By the Court.*— The order of the circuit court is affirmed.