HUENING, Respondent, vs. SHENKENBERG and another (VILLAGE OF WATERFORD, Intervenor), Appellants.

*April 6—May 10, 1932.*

*Walter J. Mattison* of Milwaukee, for the appellants.

For the respondent there was a brief by *Whaley & Paulsen* of Racine, and oral argument by *Martin R. Paulsen.*

FRITZ, J.   As is conceded in defendants' brief, the question at issue is whether fence posts and trees removed by defendants constituted an obstruction in a street, and the

answer to that question depends upon whether a motion, adopted on December 8, 1925, by the village board of Waterford, to "narrow River street to thirty-eight feet," legally resulted in the vacation of an eleven-foot strip on each side of the sixty-foot street so as to cause the eleven-foot strip, abutting on plaintiff's land, to revert to him, as the abutting owner, free from the easement of public travel.

On a plat recorded in 1845 the street was laid out with a width of sixty feet. It extended for about one hundred seventy feet along the land, which is now owned by plaintiff, and then it ended at a river. It had never been improved for any street purpose by the village, and there was no provision for vehicular traffic to cross the river. Plaintiff contends that by virtue of sec. 61.34 (12), Stats., the village board was authorized, by merely its vote, to change the width of the street. That section, so far as here material, provides:

"The village board shall have power, by ordinance, resolution, law or vote: . . .

"(12) To lay out, open, change, widen or extend roads, streets, lanes, alleys, sewers, parks, squares or other public grounds, and to grade, improve, repair or discontinue the same or any part thereof, . . . as provided in this act; . . ."

Plaintiff contends that in so far as the changing of a street by merely narrowing it is concerned, neither that act nor any other provision of the statutes provides for any other manner or procedure than by "ordinance, resolution, law or vote" of the village board.

On the other hand, defendants contend that the narrowing of the street constituted a discontinuance of part of the street, and therefore the procedure prescribed by sec. 61.38, Stats., had to be followed. That section, so far as here material, provides:

"*Discontinuance of streets and alleys.* The whole or any part of any road, street, slip, pier, lane or alley, in any law-

fully incorporated village, may be discontinued by the board of trustees of such village, upon the written petition of the owners of all the frontage of the lots and lands abutting upon the portion thereof sought to be discontinued, and of the owners of more than one-half of the frontage of the lots and lands abutting on that portion of the remainder thereof, which lies within two thousand six hundred and fifty feet from the ends of the portion proposed to be discontinued."

As the action of the village board on December 8, 1925, was not pursuant to any such petition as sec. 61.38, Stats., requires, the intended change in the width of the street was invalid if such change constituted a discontinuance of any part of the street, within the contemplated meaning of that section.

As was said in *Thompson v. Crabb,* 6 J. J. Marsh. (29 Ky.) 222:

"There is a palpable distinction between the alteration and the discontinuance of a public highway. In the one case, the road is kept up, leading to the principal points, to the court house, warehouse, etc., although it may be thrown by alterations on different ground from that on which it was at first located; in the other, it is abolished altogether, the hands are exonerated from keeping it in repair, and it may be stopped up with impunity."

That distinction has been recognized and deemed significant by this court in determining what statutory procedure was applicable to proposed highway alterations. Thus in *State ex rel. Funke v. Burgeson,* 108 Wis. 174, 84 N. W. 241, this court said:

"It is evident from the terms of the statute that the alteration of a highway is an entirely different thing from the 'laying out' or the 'discontinuance' of a highway. The alteration of a highway, as the word itself indicates, means the change of the course of an existing highway, leaving it substantially the same highway as before, but with its course in some respects changed. While an alteration will necessarily require the condemnation of additional lands, and will result

in the vacation or discontinuance of that part of the former highway not included within the limits of the altered course, the proceeding to alter a highway does not thereby become a proceeding to lay out a new highway or to discontinue an old one."

Likewise in *State ex rel. Schroeder v. Behnke,* 166 Wis. 65, 162 N. W. 443, this court said:

"The question remains whether the application is one to lay out a new road and discontinue an old one, or whether it is in substance and effect an application for the alteration of the existing road. The language of the application speaks of the proceeding as laying out a new road and discontinuing an old one, but an examination of the location and courses of the described roads shows, as the plat indicates, that if the petition is granted the practical effect is to change the course of the existing road for a distance of about 180 rods from the point where it intercepts an existing highway. It is manifest from the location of the existing portion of the old road sought to be discontinued and the proposed road with its connection with the old road that the proceeding simply constitutes an alteration of the existing road and should be so treated."

To the same effect see 29 Corp. Jur. p. 503; *Rensselaer v. Leopold,* 106 Ind. 29, 5 N. E. 761. In the case last cited the court said:

"We are thus led to the conclusion that narrowing a street in pursuance of the conditions imposed by the statutes referred to is a lawful exercise of the authority vested in town boards, and that the statute requiring the written consent of a lotowner to the vacation of a street in front of his lot has no application to an improvement by narrowing or altering it."

In the case at bar, the mere change in the street, by vacating the outer eleven feet of each side thereof, still left thirty-eight feet thereof for use by the public, as well as all abutting owners, for all public highway purposes, which had been served by the street as originally platted; and has not resulted in such a discontinuance as is contemplated in sec.

61.38, Stats. That change in width has not resulted in the discontinuance, or impairment in any substantial manner, of the easement for all public highway purposes which that street afforded as it was originally platted. Consequently, there was no such discontinuance as to bring the change within the provisions of sec. 61.38, Stats., and to require the written petitions therein prescribed as basis for action by the village board. The change involved was of such nature that it was within the board's power to legally effectuate that change by merely its vote as authorized by sec. 61.34, Stats., without any necessity for any petition by property owners.

*By the Court.*—Judgment affirmed.