TOWN OF VERNON, a quasi-municipal corporation, Plaintiff-Respondent and Cross-Appellant,†

v.

WAUKESHA COUNTY, a quasi-municipal corporation; Waukesha County Highway Committee—Highway and Transportation Commission; and Waukesha County Highway Commissioner, Defendants and Co-Appellants and Cross-Respondents,

VILLAGE OF EAGLE and Town of Eagle, Intervening Plaintiffs-Respondents and Cross-Appellants,†

TOWN OF GENESEE, Town of Mukwonago and Town of Pewaukee, Intervening Plaintiffs-Respondents,

STATE of Wisconsin, State of Wisconsin Department of Transportation, Intervening Defendant-Appellant and Cross-Respondent.

Court of Appeals

*No. 79–1912. Argued August 20, 1980.—Decided October 27, 1980.*
(Also reported in 299 N.W.2d 593.)

† Petition to review granted.

For the co-appellants there was a brief by *Mark S. Gempeler,* corporation counsel, of Waukesha. For the intervening defendant-appellant and cross-respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Steven C. Underwood,* assistant attorney general. Oral argument by *Mr. Gempeler* and *Mr. Underwood.*

For the plaintiff-respondent and cross-appellant there was a brief by *Patrick F. Brown* of *Love, Brown, Love, Phillips & Davis* of Waukesha. For the intervening plaintiffs-respondents and cross-appellants there was a brief by *David C. Williams* of *Allen, Harrison & Williams* of Lake Geneva. Oral argument by *Mr. Brown* and *Mr. Williams.*

Before Voss, P.J., Brown and Scott, J.J.

SCOTT, J. The principal issue in this case is whether sec. 83.025(1), Stats., grants county boards the authority to remove highways from a county trunk highway system without obtaining the approval of the municipalities upon which control of the removed highways would devolve. We conclude that sec. 83.025(1) grants county boards such unilateral authority.

The facts are undisputed and are briefly as follows. The County Board of Waukesha County, acting pursuant to sec. 83.025(1), Stats., passed a resolution removing several named highways from the Waukesha County Trunk Highway System. These highways included a portion of County Trunk Highway NN, located in the Towns of Mukwonago and Vernon, and a portion of County

Trunk Highway N, located in the Town and Village of Eagle. The Wisconsin Department of Transportation approved the removal of the highways from the system.

The Town of Vernon subsequently sued Waukesha County, seeking a judgment declaring the County's resolution invalid. At a court hearing, the County agreed not to remove the highways from the system until the validity of the action was finally decided. The State of Wisconsin and several municipalities subsequently intervened.

The trial court denied the State's motion for judgment on the pleadings dismissing the Town's complaint and granted the Town's motion for summary judgment. The court's decision barred the County from unilaterally removing the highways listed in the resolution from the county trunk system. The court awarded the Town costs, disbursements and expert fees against the State and County and denied the Town's request for attorney fees.

The State and County appeal from that part of the judgment denying that counties have authority to unilaterally remove highways from their county trunk systems. The State also appeals the awarding of costs, disbursements and expert fees against the State and from the denial of the State's motion to dismiss the action. The Town of Vernon appeals the denial of its request for attorney fees. The Town of Eagle appeals from that part of the judgment denying retroactive effect of the judgment.

It is undisputed that a county board has only such powers as are expressly conferred upon it or necessarily implied from those expressly given. *Dodge County v. Kaiser*, 243 Wis. 551, 557, 11 N.W.2d 348, 350 (1943). The issue before us is what powers are expressly conferred upon the County under sec. 83.025 (1).

Section 83.025 (1), Stats., provides:

County trunk highways. (1) The systems of county trunk highways heretofore selected by county boards and approved by the department of transportation are hereby validated. *Changes may be made in the county trunk system by the county board if it deems that the public good is best served by making such changes.* The county board in making such changes may order the county highway committee to lay out new highways and acquire the interests necessary by the procedures under s. 83.08. *Such systems, however, may be altered or increased only with the consent of the department of transportation.* The county board, or the county highway committee, shall, by conference with the boards or highway committees of adjoining counties, or otherwise, cause their respective systems to join so as to make continuous lines of travel between the counties. Any highway which is a part of the county trunk system shall, by virtue thereof, be a portion of the system of county aid highways. Any city or village street or portion thereof selected as a portion of such system prior to May 1, 1939, shall be a portion of such system. All streets or highways in any city or village over which is routed a county trunk highway or forming connections through such city or village between portions of the county trunk highway system shall be a part of such system unless the governing body of the city or village, by resolution, removes such street or highway from the county trunk system, but such removal shall apply only to that portion of any street or highway which is situated wholly within the city or village. In counties having a population of 500,000 or more the county board may remove from the county trunk highway system any part thereof which lies within an incorporated village or city, but such removal shall not be effected until one year after annexation proceeding affecting the area in question has become final. *Whenever a county has completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the department of transportation, those roads and streets allocated to the county's jurisdiction will be known as county trunk highways. Additions and deletions from such county trunks in the various municipalities may be made only by the*

*county board with the consent of the department of trans-*
*portation.* [Emphasis added.]

The statute permits the county board to make "changes" in the trunk highway system. The term "changes" has a broad meaning but is not ambiguous. A word or statute is ambiguous when capable of being interpreted by reasonably well-informed persons in either of two or more senses. *Wisconsin Bankers Association v. Mutual Savings & Loan,* 96 Wis.2d 438, 450, 291 N.W.2d 869, 875 (1980). As the trial court found, a "change" means a "substitution," a putting of one thing in place of another, an "alteration." A "change" does not mean a "discontinuance." A "change" is an instance of making different in some particular. *See* Webster's Third International Dictionary p. 374 (17th ed. 1976).

Because a "change" is not a "discontinuance," the trial court reasoned that the County could not "discontinue" a trunk highway. The trial court failed, however, to recognize the distinction between a "highway" and a "system" of highways. A "highway" is the physical entity of a roadway; a "system" is the grouping of highways for maintenance, financial, governmental control, or other purposes.

Section 83.025(1) provides the county board may make changes in the system of county trunk highways. A change includes an increase or decrease in size. Section 83.025(1), therefore, provides that the county board may increase or decrease the size of the system, subject, of course, to a finding that the increase or decrease is deemed to be in the public good and subject to approval by the Department of Transportation.

The trial court's failure to recognize the difference between a "highway" and a "system" of highways is apparent from its decision when it reasons: "The specific

powers . . . to 'alter' or 'increase' the trunk highways, clearly do not include within their scope of powers to 'discontinue' a trunk highway." The statute does not, however, refer to the alteration or increase of "highways," but to the alteration or increase of the whole "system" of county trunk highways. The broad power to change or alter the system includes, unambiguously, the power to decrease the size of the system by removing particular highways from the system. *Huening v. Shenkenberg*, 208 Wis. 177, 242 N.W. 552 (1932), relied on by the trial court to demonstrate the distinction between "alteration" and "discontinuance" of a highway is inapposite. We are concerned with the alteration, not the discontinuance, of a system of highways.

Having concluded that sec. 83.025(1) is not ambiguous, we need not go behind the statute to determine its intent. As a general rule, a statute must be unclear or ambiguous before a court is warranted in reviewing matters outside the statutory language to determine the meaning intended. *State v. Tollefson*, 85 Wis.2d 162, 167, 270 N.W.2d 201, 203 (1978). However, in view of the trial court's detailed analysis of various extrinsic materials, we deem it appropriate to demonstrate how these same materials are consistent with reading sec. 83.025(1) to grant the County authority to remove highways from the county trunk system.

In 1940, the Attorney General issued an opinion to the State Highway Commission dealing with the precise issue which is here on appeal. In that opinion, the Attorney General interpreted the statutory provision that the system "shall be altered or increased only with the consent of the commission" to permit the county to remove highways from the system.[1]

---

[1] The Attorney General stated:

The provisions of sec. 83.01(6) [now sec. 83.025(1)] . . . , provided that after selection in the first instance by the county

Since 1940, the legislature has amended the statute eight times but has failed to change the substance of the sentence interpreted by the Attorney General. Section 83.025(1) still provides that the system "may be altered or increased only with the consent of the department of transportation." An Attorney General's opinion is entitled to considerable weight when the legislature amends a statute but makes no change in that part of the statute interpreted by the Attorney General. *Wisconsin Valley Improvement Co. v. Public Service Commission*, 9 Wis.2d 606, 617, 101 N.W.2d 798, 803 (1960).

". . . One of the soundest reasons sustaining contemporaneous interpretations of long standing is the fact that reliance has been placed thereon by the public and those having an interest in the interpretation of the law." . . . "Where a statute has received a contemporaneous and practical interpretation and the statute as interpreted is re-enacted, the practical interpretation is accorded greater weight than it ordinarily receives, and is regarded as presumptively the correct interpretation of the law. The rule here is based upon the theory that

and approval thereof by the state highway commission, "the system shall be altered or increased only with the consent of the commission." While we find no provision of the statutes expressly giving the county the power to remove any street, highway or portion thereof from the county trunk highway system of that county it does not appear that it was intended that such selection should be in perpetuity. [Note here that in 1940, the statute did not contain the sentence: "Changes may be made in the county trunk system by the county board if it deems that the public good is best served by making such changes." This sentence was added by ch. 412, Laws of 1957.] The language thus above quote[d] that the system "shall be altered or increased only with the consent of the commission" implies that the county may do something more or other than just increase the system. Withdrawal of a street, highway or portion thereof would be an alteration of the system and within the power of the county to be implied from the above language.
29 Op. Att'y Gen. 23, 26 (1940).

the legislature is acquainted with the contemporaneous interpretation of a statute, especially when made by an administrative body or executive officers charged with the duty of administering or enforcing the law, and therefore impliedly adopts the interpretation upon re-enactment."

*State ex rel. West Allis v. Dieringer,* 275 Wis. 208, 220, 81 N.W.2d 533, 539 (1957), *quoting* 2 Sutherland, Statutory Construction §§5107 and 5109, pp. 521 and 523-24 (3d ed.).

The record demonstrates that the Department of Transportation has consistently interpreted sec. 83.025 (1) to empower counties to remove highways from the county trunk highway system without town approval. The record also shows that hundreds of changes in various county trunk systems throughout the state have been made by county boards following the same procedure as followed by the Waukesha County Board in the case before us.

■

The rule of statutory construction which accords great weight to the long-standing administrative construction of a statute in the determination of legislative intent is based upon the rationale that the legislature is presumed to have acquiesced in that construction if it has not amended the statute. *Layton School of Art & Design v. Wisconsin Employment Relations Commission,* 82 Wis. 2d 324, 340, 262 N.W.2d 218, 226 (1978). The practical administrative construction of a statute by a department charged with the task of applying it will not be set aside unless it can be said that the construction is clearly contrary to the legislative intent. *A. O. Smith Corp. v. ILHR Dept.,* 88 Wis.2d 262, 267, 276 N.W.2d 279, 282 (1979).

■

Section 83.025 (1) and secs. 80.39 and 80.40, Stats., are *in pari materia.* They deal with the same subject

matter—the powers of county boards with respect to highways. Section 83.025(1) deals with the procedures counties must follow when changing a "system" of county trunk highways. Sections 80.39 and 80.40 deal with the procedures counties must follow when constructing, changing or discontinuing "highways." Section 80.39 empowers counties to lay out, widen, alter or discontinue highways upon petition of county residents, and sec. 80.40 provides that when the county board lays out, opens, alters or widens a highway, the highway reverts to the sole control of the town, village or city in which it lies, except county trunk highways, where control rests with the county. If sec. 83.025(1) is interpreted to apply to changes in highways rather than to changes in systems of highways so that the county board is deemed to have no authority to discontinue a county trunk highway, then the reference in sec. 80.39 to the discontinuance of highways is rendered meaningless. This interpretation of sec. 83.025(1) should be avoided. Statutes which are *in pari materia* are not to be interpreted in such fashion as to indicate a contradictory legislative intent, if that can be avoided. *State v. Wachsmuth,* 73 Wis.2d 318, 326, 243 N.W.2d 410, 415 (1976). Statutes *in pari materia* must be read together and harmonized if possible. *City of Hartford v. Godfrey,* 92 Wis.2d 815, 818, 286 N.W.2d 10, 12 (Ct. App. 1979).

The trial court called attention to the language of a 1973 amendment to sec. 83.025, Stats., to support its interpretation that "alter" does not include the power to remove. The amendment was enacted by ch. 160, Laws of 1973, and provided:

Whenever a county has completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the highway commission, those roads and streets allocated to the county's jurisdiction will be known as county trunk highways. Addi-

tions and deletions from such county trunks in the various municipalities may be made only by the county board with the consent of the commission.

The trial court read this amendment to require a county to have completed a functional and jurisdictional classification that has been approved by all the local governing bodies before it has the authority to add or delete a highway from the county trunk system. We read it, instead, to furnish a solution to the problem caused by the language in sec. 83.025 (1) which authorizes cities and villages to unilaterally assert jurisdiction over those segments of the county trunk system that lie within their boundaries.[2] Our interpretation of the 1973 amendment coincides with an opinion of the Attorney General, 63 Op. Att'y Gen. 125 (1974).

Further, the trial court's reading of the 1973 amendment would mean that without a fully approved functional and jurisdictional classification, a county board could not even unilaterally *add* a highway to the county trunk system. This interpretation directly conflicts with the provision that the system may be altered or *increased* with the consent of the Department of Transportation

---

[2] The problem-causing language in sec. 83.025 (1), Stats., is:

All streets or highways in any city or village over which is routed a county trunk highway or forming connections through such city or village between portions of the county trunk highway system shall be a part of such system unless the governing body of the city or village, by resolution, removes such street or highway from the county trunk system, but such removal shall apply only to that portion of any street or highway which is situated wholly within the city or village.

Allowing cities and villages to unilaterally assert jurisdiction over portions of county trunk systems has resulted in disjointed systems. 63 Op. Att'y Gen. 125, 127 (1974). The amendment encourages counties to adopt and obtain approval of a functional and jurisdictional classification so that only the county board can make changes in the county trunks in the various municipalities.

(formerly the Highway Commission). According to the record, none of Wisconsin's seventy-two counties presently possesses such a functional and jurisdictional classification plan completed by the county board and approved by all the local governing bodies.

Respondent Town of Vernon argues in its brief that a 1953 amendment to sec. 83.025(1) reflects the legislature's intention to grant to the County Board of Milwaukee County, but of no other county, the authority to unilaterally remove highways from the county trunk system. The amendment was enacted by ch. 437, Laws of 1953, and provided:

[I]n counties having a population of 500,000 or more the county board may remove from the county trunk highway system any part thereof which lies within an incorporated village or city, but such removal shall not be effected until one year after annexation proceeding affecting the area in question has become final.

We disagree with the Town's interpretation. We believe that by this amendment, the legislature intended to restrict the general power of a county board in a populous county to remove highways from the county trunk system. The restriction provides that if the board removes any part of the system which lies within an incorporated village or city, the removal will not take effect until one year after any annexation proceedings affecting the village or city property along the portion to be removed have become final.

The trial court stated that allowing counties the power to remove highways from their county trunk highway systems would "not advance the expressed purpose of the statute and the county trunk system. Indeed such jurisdictional transfers upon examination would appear to be more likely to run counter to the best interests of the public." We disagree.

As noted by the trial court, the purpose of a county trunk system is to provide "a system of highways maintained by the county of a continuous and interconnecting nature which provide routes of travel between various points within the county and also points in adjoining counties, similar in nature to and supplementary to the state highway system." 29 Op. Att'y Gen. 23, 24 (1940). The best interests of the public would appear to be met by allowing the counties the flexibility to deal with changing traffic patterns. Requiring a county to maintain a highway as a county trunk highway after it no longer carries enough traffic to warrant trunk highway status is of questionable value and runs contrary to the purpose of the system.

Because we reverse the trial court's judgment, it is unnecessary for us to decide the issues of the assessment of costs and disbursements against the State, the Town's entitlement to attorney fees, or the retroactivity of the trial court's judgment.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment on the pleadings dismissing the complaint.