DEAN FOODS COMPANY, Plaintiff-Appellant,

v.

Constance F. FOLEY, Defendant-Respondent,
Lawrence MARTY and Mary Marty, d/b/a Dakota Dairy
and Marty Cheese Corporation, Defendants.

Court of Appeals

*No. 83–771. Submitted on briefs July 13, 1984.—
Decided May 28, 1985.*
(Also reported in 370 N.W.2d 588.)

For the plaintiff-appellant the cause was submitted on the briefs of *Robert J. Kay* and *Mark C. Williamson* and *Geisler & Kay, S.C.* of Madison.

For the defendant-respondent the cause was submitted on the brief of *William D. Johnston* and *Charlotte L. Doherty* and *Johnston & Doherty Law Offices* of Darlington.

Brief of amicus curiae was filed by *Bronson C. La Follette,* attorney general, *Daniel A. Milan,* assistant attorney general, and *Reid W. Klopp,* assistant counsel, on

behalf of *Wisconsin Department of Agriculture, Trade and Consumer Protection.*

Before Gartzke, P.J., Dykman, J. and Bruce F. Beilfuss, Reserve Judge.

DYKMAN, J.[1]   Dean Foods Company, a dairy products manufacturer, sold milk on open account to Marty Cheese Corporation, which became insolvent while indebted to Dean for the milk.[2] Dean appeals from a summary judgment concluding that it was not entitled to payment from a trust Marty Cheese Corporation had established under sec. 100.06, Stats.[3] Because there is no

---

[1] By order of the Chief Justice, the writing of this opinion was reassigned from Bablitch, J. to the author.

[2] Marty Cheese was a defendant in this case but defaulted and judgment was entered against it. Lawrence and Mary Marty, also defendants, filed petitions in bankruptcy so this action was stayed as to them personally.

[3] Section 100.06, Stats., provides in part:

(1) (a) No person shall operate a dairy plant or receiving station . . . and no license therefor shall be issued unless he shall have first satisfied the department that his financial condition is such as to reasonably assure prompt payment to the producers for the milk and cream to be purchased by him. . . .

. . . .

(2) In all cases where it appears that the financial condition of the applicant or of the licensee is not adequate to reasonably assure payment when due for the milk . . . the department may require:

(a) The filing of a bond or other security . . . payable to the department . . . for the benefit of the persons who would otherwise suffer by reason of the default of the licensee. . . .

(b) The filing of an agreement providing for the complete control over all manufactured or processed milk and dairy products by a trustee. . . . Such trustee shall make and file a trustee's bond and contracts signed by . . . the purchaser of the dairy products requiring that payment for all such products sold be made to him as trustee. . . .

. . . .

(3) (a) All dairy plant operators shall inform producers delivering milk and cream of the financial basis on which the license

dispute as to material fact, and we conclude sec. 100.06 does not protect Dean Foods, we affirm.[4]

Summary judgment is governed by sec. 802.08, Stats. Its purpose is to determine whether a dispute can be resolved without a trial. In *In re Cherokee Park Plat*, 113 Wis. 2d 112, 115, 334 N.W.2d 580, 582 (Ct. App. 1983) we reviewed the methodology applicable to summary judgment and we need not repeat it.

We first examine the pleadings. Dean Foods sued Marty Cheese, Lawrence and Mary Marty, and Constance F. Foley, as trustee, for the sum of $132,796.50 for milk it delivered to Marty Cheese. Dean Foods claims to be a producer of dairy products, to have delivered milk to Marty Cheese for which it has not been paid, and to be entitled to payment and the protection of a trust set up by Marty Cheese pursuant to sec. 100.06, Stats.; a statute enacted to protect milk producers from nonpayment by dairies. The complaint states a claim.

We next examine the responsive pleadings. Foley admits that the Marty Cheese trusteeship was created pursuant to the provisions of sec. 100.06(2)(b), Stats., and Wis. Adm. Code, sec. AG 7, but denies that it is for the

was issued including the type and amount of security, if any, filed under this section. . . .

. . . .

(4) Any person injured by the breach of any obligation under this section may file with the department a verified proof of claim. . . .

. . . .

(8) . . . The protection to producers afforded by this section shall be available to the producers of any state selling milk or cream to any dairy plant licensed in this state.

[4] Since neither party argues that Dean Foods, a party allegedly injured by breach of an obligation under sec. 100.06, Stats., should have pursued its claim by filing verified proof with the Department of Agriculture, Trade & Consumer Protection, we do not consider whether Dean Foods should have exhausted its administrative remedies before filing an action in circuit court.

benefit of all persons furnishing milk to Marty Cheese and denies that Dean Foods is entitled to the protection of the trust. The responsive pleadings show that an issue exists as to whether Dean Foods is entitled to the protection of the trust.

We now examine the moving party's affidavits for evidentiary facts admissible in evidence or other proof to determine whether that party has made a *prima facie* case for summary judgment.

Foley's attorney's affidavit in support of her motion for summary judgment incorporated the transcript of a hearing on appellant's motion for a temporary injunction against Foley. A representative of Dean Foods testified at that hearing that Dean Foods did not own any farm or operation in which it milked cows. He testified that Dean Foods bought milk from producers and sold what it could not use to other dairies, including Marty Cheese. He also testified that the decision to transfer milk not used by Dean Foods to other dairies was not made by the milk producers, but by Dean Foods. We conclude that Foley has made a *prima facie* case for summary judgment.

We next examine the affidavits and proof of Dean Foods, which opposes summary judgment, to determine whether there exist disputed material facts or undisputed facts from which reasonable alternative inferences may be drawn.

Dean Foods argues that ownership and control of the milk it has purchased from farmers gives it ownership and control of the farmers' cows; it stands in the same position to the farmers from whom it bought milk as the cooperative that acted as the farmers' agent in *In re Merrick Dairy Co.*, 249 Wis. 295, 24 N.W.2d 679 (1946),[5] and that it is equitably subrogated under sec. 100.06,

---

[5] In *Merrick*, the court construed sec. 100.06, Stats., to apply to milk producers and to their agents and assignees.

Stats., to the protection afforded the farmers because it diverted their milk directly to Marty Cheese without taking possession of the milk. Dean Foods provides no proof or authority in support of its first contention. Its second contention is not supported by the testimony of its representative at the continuance of the hearing. The representative conceded that any resale of milk by Dean Foods was a decision made solely by Dean Foods, with no input from the farmers who had sold their milk to it. In *D'Angelo v. Cornell Paperboard Products Co.,* 19 Wis. 2d 390, 401, 120 N.W.2d 70, 76 (1963), the court said: "Subrogation is an equitable assignment under which the subrogee stands in the shoes of the original holder of the cause of action." (Footnote omitted.) Dean Foods cannot be the farmers' subrogee. The farmers had no cause of action against Marty Cheese because they had received payment for the milk they had sold to Dean Foods.

The affidavits and evidentiary facts submitted by Dean Foods show the existence of no genuine issue as to any material fact and raise no conflicting inferences drawn from the undisputed facts which would necessitate a trial.

There being no factual issues, we turn to the question of law: whether sec. 100.06, Stats., provides protection only for those who own the animals that produce the milk or includes those who deal in milk. Section 100.06 does not define the term "milk producer."

The Department of Agriculture, Trade & Consumer Protection has administered sec. 100.06, Stats., since it was enacted in 1949. It added definitions to its administrative rule on February 1, 1978.[6] Wis. Adm. Code sec.

---

[6] Dean Foods does not challenge the validity of the administrative rule promulgated by the Department of Agriculture, Trade and Consumer Protection in its pleadings, but attempts such a challenge in its appellate brief. We will not consider the questions raised as to the department's power to enact a rule that limits a statutory protection or whether the limitation substitutes

AG 7.02(7) defines a milk producer as "any person who produces and sells milk, directly or through a marketing agent acting under a written agency contract, to a dairy plant from one or more cows under such person's ownership or control."

In *Columbus Milk Producers v. Dept. of Agriculture,* 48 Wis. 2d 451, 461, 180 N.W.2d 617, 662 (1970), the court quoted approvingly from appellant's brief: " 'The security law was enacted to provide farmers with a means of recompense where they have suffered a loss in

the department's own policy for that of the legislature because sec. 227.05(3), Stats., prohibits it. Sec. 227.05 provides in part:

(3) In any judicial proceeding . . . in which the invalidity of a rule is material to the cause of action or any defense thereto, the assertion of such invalidity shall be set forth in the pleading of the party so maintaining the invalidity of such rule in that proceeding. The party so asserting the invalidity of such rule shall, within 30 days after the service of the pleading in which he sets forth such invalidity, apply to the court in which such proceedings are had for an order suspending the trial of said proceeding until after a determination of the validity of said rule in an action for declaratory judgment under sub. (1) hereof.

(a) Upon the hearing of such application if the court is satisfied that the validity of such rule is material to the issues of the case, an order shall be entered staying the trial of said proceeding until the rendition of a final declaratory judgment in proceedings to be instituted forthwith by the party asserting the invalidity of such rule. . . .

. . . .

(c) Failure to set forth invalidity of a rule in a pleading or to commence a declaratory judgment proceeding within a reasonable time pursuant to such order of the court or to prosecute such declaratory judgment action without undue delay shall preclude such party from asserting or maintaining such rule is invalid.

. . . .

(5) The joint committee for review of administrative rules shall be served with a copy of the petition in any action under this section and, with the approval of the joint committee on legislative organization, shall be made a party and be entitled to be heard.

the milk delivered to the plant.' " The court of appeals is required to adhere to supreme court precedent. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984).

"The practical administrative construction of a statute by a department charged with the task of applying it will not be set aside unless it can be said that the construction is clearly contrary to legislative intent." *Town of Vernon v. Waukesha County,* 99 Wis. 2d 472, 480, 299 N.W.2d 593, 598 (Ct. App. 1980).

The practical administrative construction of sec. 100.-06, Stats., supplies a definition for "milk producer," a term used but not defined by the statute, and is not clearly contrary to the legislative intent. The supreme court's description of persons protected by sec. 100.06 is "farmers," a description Dean Foods does not fit. Because Dean Foods does not produce milk, own or control cows, and is not a "farmer," we conclude that it is not a beneficiary of the trust created by Marty Cheese.

*By the Court.*—Judgment affirmed.