TOM LOFTUS, Chairperson Assembly Committee on Organization
You have requested my opinion regarding the application of section 450.02, Stats., to the renewal of registrations for pharmacists. The applicable statutory language states: "Failure [of a registered pharmacist] to obtain renewal for 60 days after the department has given a 2nd notice of the expiration of registration shall terminate the right of any person to be a registered pharmacist within the meaning of this section . . . ." Sec. 450.02 (3), Stats.
First, you have asked whether I concur with the opinions of my predecessors expressed in 2 Op. Att'y Gen. 586 (1913) and 26 Op. Att'y Gen. 48 (1937).
The first of these opinions interprets section 1409d(4), Stats. (1913), which states that if a registered pharmacist "fails to procure a certificate of renewal for sixty days after the secretary of the board shall have given him a second notice of the expiration of his registration, he shall cease to be such a pharmacist within the meaning of this chapter . . . ." Sec. 1409d(4), Stats. (1913). As you can see, the 1913 provision was essentially the same as today's section 450.02 (3).
The 1913 attorney general opinion noted that the statute did not provide any method for service of the required notice. 2 Op. Att'y Gen. 586, 587 (1913). The opinion went on to state that "there can be no question but that the service must be an actual service on the party . . . ." Id. Although the 1913 opinion provided no authority for its assertion that actual notice was required, some justification may be found in the fact that the original statutory language provided for service by mail. Ch. 227, sec. 5, Laws of 1895. Because this requirement was repealed prior to the 1913 version of the law, apparent legislative intent supports the opinion that simply mailing a notice is insufficient and, therefore, actual notice is required. *Page 69 
In 1937, the attorney general confirmed this opinion, stating that where a registered mail expiration notice was returned marked "unclaimed," the actual notice requirement was not fulfilled. 26 Op. Att'y Gen. 48, 49 (1937). The opinion attributed this result to the 1907 Wisconsin Supreme Court case,Metcalf v. Mutual Fire Ins., 132 Wis. 67, 112 N.W. 22 (1907). The 1937 attorney general's opinion stated that actual notice of expiration was required by the pharmacist licensing statute and adopted the definition of actual notice put forward by the court in Metcalf, 132 Wis. at 72: "[A]ctual notice `is information concerning the fact . . . directly and personally communicated to the party.' "
I must concur with the opinions of my predecessors on this question. Great weight is given an attorney general's opinion when the Legislature amends a statute but makes no changes in the part of the statute interpreted by the attorney general. Town ofVernon v. Waukesha County, 99 Wis.2d 472, 479, 299 N.W.2d 593
(1980), aff'd, 102 Wis.2d 686, 307 N.W.2d 227 (1981).
The Town of Vernon court reasoned that the public was justified in relying on an interpretation of a statute where the statute had subsequently been re-enacted without change to the language construed by the attorney general. Id. As of this writing, section 450.02 (3) has been amended no less than ten times since the 1913 opinion on this question. None of those amendments substantially changed the provision regarding notice of expiration. Therefore, I can only assume that the Legislature has approved of my predecessors' interpretations of the statute. In light of this evidence of legislative intent, as well as public reliance on earlier attorney general opinions, I must concur that section 450.02 (3) requires actual notice that the registered pharmacist's registration has expired.
Your second question is whether section 450.02 (3) requires both notices to be given after the expiration of the license or whether one may be given before the actual expiration. I have found no case law or previous attorney general opinions bearing on this question. However, the language of the statute requires "notice of the expiration of registration . . . ." Sec. 450.02
(3), Stats. The plain meaning of this language suggests that "notice of the expiration" could not logically be given until the expiration has occurred.
For this reason, both notices must be given after the actual expiration of the pharmacist's license. *Page 70 
Finally, you ask whether, if sixty days have elapsed since the date the second notice was given, the Pharmacy Examining Board may waive compliance with the provisions of the statute. Because an administrative agency derives its authority from statutory grant, it has no authority to act contrary to statutory provisions. Racine Fire and Police Comm. v. Stanfield,70 Wis.2d 395, 399, 234 N.W.2d 307 (1975).
Section 450.02 (3) states that the right of any person to be a registered pharmacist "shall terminate" sixty days after the department has given a second expiration notice "and such right can only be acquired by compliance with the provisions concerning the original registration . . . ." Thus, the statutory language leaves no room for the board to waive the termination of registration.
Because your remaining question assumed a positive response to the above question, there is no need to address it.
I realize that the current procedures required by statute for renewal of pharmacists' registration may seem antiquated in light of the increase in number and mobility of Wisconsin's pharmacists. Wisconsin law, however, clearly requires the procedures I have enumerated above. Any change in this legislative scheme must come from the Legislature in the form of a revision to the existing statute.
BCL:WHW *Page 71