RICHARD E. GALECKI, Commissioner Office of Commissioner of Banking
In 35 Op. Att'y Gen. 58 (1946), the attorney general opined that funds of a municipal housing authority were subject to the public deposit laws under chapter 34, Stats. The opinion specifically concluded that funds of the authority would be "public deposits" and the authority would be a "public depositor" under section 34.01.
In 1978 the Legislature amended section 34.01 to include the Wisconsin Housing Finance Authority (now the Wisconsin Housing and Economic Development Authority) as a public depositor. You have asked whether the 1978 amendment of chapter 34 affects the earlier conclusion that housing authorities are within the ambit of that chapter. I must conclude that housing authorities are not public depositors under chapter 34.
An attorney general's opinion is entitled to considerable weight when the Legislature amends the statute and makes no change in that part of the statute interpreted in the opinion.Town of Vernon v. Waukesha County, 99 Wis.2d 472, 479-80,299 N.W.2d 593 (Ct.App. 1980). This tenet of statutory construction is based on the theory that the Legislature knows of the interpretation and impliedly adopts that interpretation when it reenacts the statute. The presumption that the Legislature adopts an interpretation of the statute when it substantially reenacts the statute does not follow, however, if there are material changes or additions in the later enactment which disclose a different intention. State v. Hackbarth, 228 Wis. 108, 122,279 N.W. 687 (1938).
The 1978 amendments to chapter 34 do disclose a different intention. If the Legislature had adopted this office's earlier interpretation that housing authorities were included within chapter 34, the Legislature would have found it unnecessary to include the state housing authority. Nothing in the earlier opinion would lead the Legislature to conclude that local housing authorities under section 66.40 were included within chapter 34, but a state housing authority would not be. On the contrary, that opinion concluded that a housing authority, although a body corporate, separate and apart *Page 75 
from the city, was nevertheless an agency of the city. It notes that the status of the local housing authority was similar to the Wisconsin university building corporation. The logic of that opinion would compel the conclusion that a state housing authority was an agency of the state and therefore included within chapter 34.
If the Legislature had agreed with the earlier opinion's interpretation of chapter 34, it would not have had to specifically include the state housing authority. As a general rule, the express mention of one entity in a statute implies the exclusion of others. State ex rel. Harris v. Larson,64 Wis.2d 521, 219 N.W.2d 335 (1984). That is especially true in this case given the presumption that the Legislature knew of the earlier opinion interpreting the statute to include housing authorities and its manifest decision to refer only to the state housing authority. The Legislature easily could have included the word "authority" or the words "housing authority" along with drainage districts, power districts, school districts, sewer districts and the other governmental entities now listed in section 34.01 (4). In light of this history, I must conclude that the Legislature did not intend to include any housing authority other than the state housing authority in chapter 34.
You have also asked whether any situation could arise in which the local government pooled-investment fund referred to in section 34.01 (5) could be deemed to have occasioned a "loss," given the definition of that term in section 34.01 (2). Loss is defined as a loss resulting from the failure of a public depository to repay a public depositor the full amount of its deposit because a regulatory agency has taken possession of the public depository or because the depository has, with the consent of a regulatory agency, adopted a stabilization and readjustment plan or sold part or all of its assets. It is difficult to conceive of a situation in which a local government pooled-investment fund could incur a loss as a result of any action by a regulatory agency. Certainly, section 34.01 (2) on its face presumes that the public depository is a regulated institution. Because a local government pooled-investment fund would not be such an institution, and the investments would not have to be placed in such an institution, section 25.50, the definition of "loss" in section 34.01 (2) might not be inclusive enough to cover a loss in a government pooled-investment fund. I cannot conclude, however, that as a matter of law such a loss could not occur. It is impossible to predict how investment funds will be structured or how various *Page 76 
funds will be regulated in the future. You may wish to ask the Legislature to clarify the definition of loss specifically to include losses in government pooled-investment funds to avoid any future confusion.
DJH:AL *Page 77