RALPH E. SHARP, JR., Corporation Counsel Dodge County
You have asked whether under section 65.90(5)(a), Stats., a transfer of funds from a contingency account requires a two-thirds vote of the entire membership of the Dodge County Board where the funds are not used to supplement appropriations for a particular office, department or activity that is in the budget.
Your question has been prompted by a recent 20 to 16 vote by the thirty-seven member Dodge County Board in favor of a resolution authorizing the transfer of $10,000 from the budget's contingency fund to defray the expenses of a committee appointed to negotiate with a landfill operator. The committee was not funded in the 1987 budget.
Section 65.90(5) provides:
 (a) Except as provided in par. (b) and except for alterations made pursuant to a hearing under sub. (4), the amount of tax to be levied or certified, the amounts of the various appropriations and the purposes for such appropriations stated in a budget required under sub. (1) may not be changed unless authorized by a vote of two-thirds of the entire membership of the governing body of the municipality. Any municipality, except a town, which makes changes under this paragraph shall publish a class I notice thereof, under ch. 985, within 10 days after any change is made. Failure to give notice shall preclude any changes in the proposed budget and alterations thereto made under sub. (4).
 (b) A county board may authorize its standing finance committee to transfer funds between budgeted items of an individual county office or department, if such budgeted items have been separately appropriated, and to supplement the appropriations for a particular office, department or activity by transfers from the contingent fund. Such committee transfers shall not exceed the amount set up in the contingent fund as adopted in the annual budget, nor aggregate in the case of an individual office, *Page 146 
department or activity in excess of 10 per cent of the funds originally provided for such office, department or activity in such annual budget. The publication provisions of par. (a) shall apply to all committee transfers from the contingent fund.
Transfers from the contingency fund for purposes unanticipated in the budget have been considered in at least two prior opinions from this office. In the first, the author concluded that the transfer could be made on a majority vote since a contingency fund is established to cover unanticipated needs. See 32 Op. Att'y Gen. 301, 302 (1943). That conclusion was rejected, however, in the more recent opinion by my predecessor, who decided that section 65.90(5)(a) required a two-thirds vote of the entire membership of the county board to transfer funds to an "office, department or activity not referred to in the annual budget." 57 Op. Att'y Gen. 134, 138 (1968).
The more recent opinion is persuasive because, in the nineteen years since it was issued, the Legislature has acted on section65.90 nine times without altering the language material to the opinion. See 1985 Wisconsin Act 225, sec. 29; ch. 203, secs. 1 and 2, Laws of 1981; ch. 418, sec. 408, Laws of 1977; ch. 224, sec. 73, Laws of 1975; ch. 224, Laws of 1973; ch. 211, secs. 77 and 124, Laws of 1971; ch. 154, sec. 28, Laws of 1971; ch. 40, sec. 30, Laws of 1971; and ch. 55, sec. 45, Laws of 1969. In two of those actions, the Legislature dealt specifically with section65.90(5)(a) without making changes that would have altered the 1968 attorney general's opinion.
Because the Legislature has acted on section 65.90 since the 1968 opinion without making any changes that would affect it, the opinion is entitled to considerable weight. Town of Vernon v.Waukesha County, 99 Wis.2d 472, 478-80, 299 N.W.2d 593 (Ct.App. 1980), and Wisconsin Valley Imp. Co. v. Public Serv. Comm.,9 Wis.2d 606, 616-17, 101 N.W.2d 798 (1960).
Interpreting section 65.90(5) to require the two-thirds vote for transfer of the contingency funds in the municipalities covered by section 65.90 is consistent with sections 59.84(9) and65.06(6)(a), (7) and (8), which require a two-thirds or three-fourths vote to transfer funds out of the contingency accounts in counties with populations over 500,000 and in first class cities.
In my opinion, then, the 20 to 16 vote that prompted your question was not sufficient to authorize the transfer from the contingency *Page 147 
fund because the twenty votes in favor of the transfer fell short of the needed two-thirds.
DJH:SK *Page 148