STATE, Respondent, v. LUDWIG, Agent for Ludwig Lanes, Inc., Appellant.

*June 10—July 1, 1966.*

694

For the appellant there was a brief and oral argument by *Joseph A. Van Susteren* of Appleton.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

BEILFUSS, J.   The sole issue on this appeal is whether the statutory exemption of bowling alleys applies to the stipulated facts of this case so as to allow minors to frequent the barroom in question.

We are thus presented a question of law, as was the trial court.

It is the defendant's position that so long as her establishment contains bowling alleys the entire premises are covered by the bowling alley exemption in the statute. In fact, the stipulation states that "[i]n substance, the defendant contends that persons under eighteen years of age may be allowed to buy soft drinks at the bar and may actually sit there and drink them without a violation." We cannot agree with such a contention.

Rather, we agree with the trial court and its comprehensive and helpful opinion, that:

"It requires no great judicial discernment to observe that the purpose of the prohibition is to keep minors from premises where fermented malt beverages are sold.
" . . .
"There is sense in the law. It does not forbid the presence of minors in a hotel, drug store, grocery store, or bowling alleys even though the owner or operator of such premises holds a license for the sale of fermented malt beverages. The predominant purpose of those establishments is to furnish lodging, food, sale of drugs and groceries, and for the recreation of bowling. Minors are not contaminated by their presence in such places.

Their entry and presence on those and like exempted premises are primarily for their indulgence of their particular accommodations. The law does forbid the presence of minors, for amusement purposes, in bars and taverns where fermented malt beverages are primarily and exclusively sold, consumed or dispensed. It is no excuse that the bar premises intimately embrace a bowling alley and rely on it to extricate it from the restriction. The evil of permitting minors to loiter in bars and taverns for amusement purposes, which the law seeks to avoid, is just as predominate whether the bar premises are or are not attached, integrated or combined with the bowling alley. Such proximate physical relationship does not destroy the character of the bar. The purpose of the bar is the exclusive sale of malt beverages. The purpose of the alleys is to afford the recreation of bowling. These are separate and distinct purposes, and neither is destroyed by the expediency of the physical affiliation of the accommodations.

"Permitting a minor to be at a bowling alley for recreational purposes does not grant the unrestricted leave to loiter in bar rooms however free, easy, convenient or inviting the access be."

We point out additionally that the statute is drafted in extremely broad terms and appears to us to be intended to keep minors out of "Class B" licensed premises. The exemption is narrow, including only a short list of specific instances where minors may legally be on the premises, although licensed. It is apparent that the exemption exists so as not to impose an undue burden upon the minor in his attempt to enjoy entertainment, travel, and the like.

In other words, the exemption exists so that minors may bowl, dine, watch sporting activities, buy groceries and drugs, and purchase goods from concessions according to the terms of the statute. The statute nowhere condones the presence of minors in barrooms, nor does it create a bowling alley out of that which is obviously a tavern or a barroom.

From the pictures reproduced as a part of this opinion, and others contained in the record, we conclude that there can be no question over one's presence in the barroom, the bowling alley area, or the restaurant. There is a definite doorway or archway which clearly separates the bowling alley area from the barroom. Although defendant argues that one cannot determine his presence to be in one area or the other, the language of the stipulation itself effectively contradicts this argument. Defendant stipulated that minors "were in and about the barroom." It is obvious that she had no difficulty in determining what constitutes the barroom and what does not.

In 41 Op. Atty. Gen. (1952), 340, the only authority of any kind of which we are aware on the construction of this statute, the issue was whether the statute was violated where a minor was allowed in a barroom which constituted about one fourth of a country store. The attorney general concluded that the nature of the grocery store as a grocery store was unaffected by the presence of a barroom under the same roof. And likewise, the nature of the barroom as such was unaffected by the presence of the grocery store. It was, therefore, a violation to allow a minor in the barroom.

Groceries could easily be purchased without entering the barroom. Here, too, bowling may be engaged in without entering the barroom.

We agree with the attorney general's analysis and reiterate what we said recently in *Green v. Jones* (1964), 23 Wis. (2d) 551, 558, 128 N. W. (2d) 1, that attorney general's opinions relating to the purposes of a statute are "persuasive guides as to the meaning and purpose of the enactment."

We therefore conclude that the trial court correctly interpreted the statute and found it applicable to the facts of this case.

*By the Court.*—Judgment affirmed.