GLENN L. HENRY, Corporation Counsel Dane County
You advise that the Dane County Board of Supervisors, pursuant to sec. 59.03, Stats., has adopted an ordinance to act as a self-organized county. A self-organized county is authorized under sec. 59.03 (1) (d), Stats., to determine the procedure for filling vacancies in the office of county supervisor. In carrying out this grant of authority, the county board adopted the following procedure in sec. 35.07, Dane County Ordinances:
 "FILLING OF VACANCIES OCCURRING WITHIN A TERM. Vacancies in the office of County Supervisor shall be filled by appointment of the County Board Chairman subject to confirmation by the County Board. Prior to such appointment, upon a written request by a County Supervisor to the County Board Chairman, a public hearing shall be held in the supervisory district in which the vacancy occurs, and persons interested in being appointed shall attend. A person so appointed and confirmed shall hold office until his successor is elected and qualified. His (or her) successor shall be elected for the residue of the unexpired term on the first Tuesday of April next after the vacancy happens in case it happens on or before December 31 of an even-numbered year, but, if such vacancy happens after December 31 of an even-numbered year, then such successor shall be elected at the next regular election."
You state that in the event of a vacancy occurring prior to December 31 of an even-numbered year, this ordinance has the effect of filling a vacancy by appointment subject to the holding of *Page 17 
a special election in which a person other than the appointee may be selected for the balance of the original term. You ask whether this procedure for filling vacancies in the office of county supervisor is valid. In my opinion it is.
The Wisconsin Constitution does not expressly provide for the composition of county boards of supervisors, nor the manner of their selection, nor their terms of office. The method of their selection is left for the legislature in Art. XIII, sec. 9, Wis. Const.:
 "All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct . . . . All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."
Section 59.03, Stats., provides, in part:
 ". . . The boards of the several counties shall be composed of representatives from within the county elected and compensated as provided in this section . . . ."
The legislature is also empowered to determine how vacancies in some offices shall be filled. Art. XIII, sec. 10, Wis. Const., provides:
 "The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in this constitution."
The constitution does not specify the method whereby vacancies in the office of county supervisor are to be filled thus leaving determination of that method to the legislature.
Article IV, sec. 22, Wis. Const., provides for a delegation of authority from the legislature to county boards:
 "The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe." *Page 18 
In interpreting this section, the Supreme Court in Supervisors ofLa Pointe v. O'Malley (1878), 47 Wis. 332, 336, 2 N.W. 632, held:
 "[W]hen any subject of legislation is entrusted to county boards by general words in a statute, they acquire a right to pass any ordinance necessary or convenient for the purpose of disposing of the whole subject so committed to them, and for that purpose have all the power of the state legislature over that subject, unless the statute restricts the power or directs its exercise in a certain way."
The legislature has partially delegated the authority granted to it under the constitution to the county boards of supervisors in self-organized counties. The breadth of this delegation of authority is expressed by sec. 59.025 (2), Stats., which provides:
 ". . . The powers hereby conferred [by the legislature on the county boards] shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail."
Specifically, the legislature has granted county boards the power to determine the procedure for filling a vacancy in the office of supervisor.
 "A county board may determine the procedure for filling a vacancy." Sec. 59.03 (1) (d), Stats.
In view of the holding in Supervisors of La Pointe v. O'Malley,supra, and the language of sec. 59.025 (2), Stats., the legislature must be said to have granted to the county boards all the powers of the state legislature over the subject of filling vacancies in the office of supervisor, because the legislature delegated this power to the county boards "by general words in a statute" without restricting or directing its exercise in any way. Support for the position that the legislature has unreservedly delegated the power of filling vacancies to the county board of supervisors can be found in the Legislative Council note commenting on sec. 59.03, (1) (d), Stats., as it was proposed to the legislature: *Page 19 
 "This new paragraph gives the county board acting under sub. (1) [allowing for self-organized counties] complete discretion to determine the method of filling vacancies on the board." 1973 Senate Bill 27, sec. 4.
That section was adopted as proposed. Ch. 118, Laws of 1973.
An interim appointment-subsequent election method for filling a vacancy in an elective office is not unusual. The legislature has provided very similar methods for filling vacancies in other offices. See sec. 17.23 (1) (b), Stats. (relating to vacancies in city offices) and sec. 17.26 (1), Stats. (relating to vacancies in boards of education). It would be anomalous to conclude that Dane County has acted in excess of the authority granted to it by sec. 59.03 (1) (d), Stats., by adopting a procedure which has been used by the legislature itself on other occasions and in similar circumstances.
The procedure adopted by Dane County promotes several desirable policies. It emphasizes citizen participation in the filling of the vacancy, utilizing a special election for long-term vacancies. By requiring that election to be held at the time of the regular Spring election, maximum voter participation is encouraged and the cost of conducting the election is minimized. Furthermore, by adopting this method, the Dane County Board has insured that it will always be able to function with a full complement of supervisors in office.
BCL:DJH *Page 20