MATTHEW F. ANICH, District Attorney Ashland County
You request my opinion on a number of questions relating to per diem, mileage and expense payments to supervisors who also serve on committees of the county board or on the county highway committee. We are concerned with a county under 500,000 population which has not elected to become self-organized pursuant to sec. 59.03 (1), Stats., and which has not elected to provide for alternative compensation pursuant to sec. 59.03 (3) (i), Stats.
1. Can a county board supervisor who is also a member of a committee of the county board, appointed pursuant to sec. 59.06, Stats., receive an additional per diem or additional mileage allowance for attending a meeting of such committee held on a day the board was in session or be additionally compensated for performing services for such committee on a day the board was in session?
I am of the opinion that such supervisor is not entitled to an additional per diem payment, but may become entitled to additional mileage allowance if he or she actually traveled additional miles in fulfilling his or her duties as a committee member
Section 59.03 (3)(f) and (g), Stats., provides:
 (f) Compensation. Each supervisor shall be paid a per diem by the county for each day he attends a meeting of the board. *Page 74 
 Any board may, at its annual meeting, by a two-thirds vote of all the members, fix the compensation of the board members to be next elected. Any board may also provide additional compensation for the chairman.
 (g) Mileage. Each supervisor shall, for each day he attends a meeting of the board, receive mileage for each mile traveled in going to and returning from the meetings by the most usual traveled route at the rate established by the board pursuant to s. 59.15 as the standard mileage allowance for all county employes and officers.
Section 59.06 (2), Stats., provides in part:
 Committeemen shall receive such compensation for their services as the board allows, not exceeding the per diem and mileage allowed to members of the board and such committee members shall receive such compensation, mileage and reimbursement for other expenses as the board allows for their attendance at any school, institute or meeting which the board directs them to attend. No supervisor shall be allowed pay for committee service while the board is in session, nor for mileage except in connection with services performed within the time herein limited.
In my opinion the emphasized phrase does not prohibit the payment of additional mileage for additional miles necessarily traveled in fulfilling the supervisor's duties as a committee member, even though this office has stated that "mileage" as used in sec. 59.03 (3)(g), Stats., is in part a form of compensation and that the supervisor has a right to mileage at the "rate" provided for "each mile traveled in going to and returning from the meetings by the most usual traveled route," regardless of whether he walks, rides a bicycle, drives his own car or is given a free ride. See 24 Op. Att'y Gen. 688 (1935), 33 Op. Att'y Gen. 229 (1944) and 47 Op. Att'y Gen. 309 (1958).
2. Can a county board supervisor be paid more than one per diem on any day for service in attending meetings of separate committees of the board appointed pursuant to sec. 59.06, Stats.? *Page 75 
This question has been answered in the negative by several attorneys general, and I am in agreement. See 42 Op. Att'y Gen. 326 (1953) and 50 Op. Att'y Gen. 187 (1961).
3. Can a county board supervisor who is also a member of the county highway committee, appointed pursuant to sec. 83.015, Stats., receive an additional per diem or additional mileage allowance for attending a meeting of such committee held on the day the board is in session or be additionally compensated for performing services for such committee on a day the board is in session?
The supervisor cannot be paid two per diems for services performed for different units of the same governmental entity, the county, in the absence of a specific statute authorizing the payment of two or more per diems for services to the county on the same day. See 50 Op. Att'y Gen. 187 (1961). There is no statute which would permit payment of an additional per diem under the facts stated.
The county highway committee is not a committee appointed pursuant to sec. 59.06, Stats., and its members need not be county board members. See 48 Op. Att'y Gen. 241 (1959) and 54 Op. Att'y Gen. 191 (1965). Compensation and reimbursement for necessary expenses are in part controlled by sec. 83.015 (1)(a), Stats., which provides:
 The members of such committee shall be reimbursed for their necessary expenses incurred in the performance of their duties, and shall be paid the same per diem for time necessarily spent in the performance of their duties as is paid to members of other county board committees, not, however. exceeding $500 for per diem, in addition to necessary expenses, to any member in any year.
Although a highway committee is not literally included within sec. 59.06, Stats., this office has construed the limitations in sec. 59.06 (2), Stats., as applicable to such committee. See 51 Op. Att'y Gen. 183 (1962).
I am of the opinion, however, that sec. 83.015 (1)(a), Stats., provides that highway committee members be reimbursed fornecessary expenses, and that, under the facts stated. the supervisor could receive the mileage allowance as a supervisor authorized by sec. 59.03 (3)(g), Stats., for attendance at the county board meeting and *Page 76 
could also be reimbursed, at the rate established by the board pursuant to sec. 59.15 (3), Stats., at the standard mileage allowance for officers for necessary expenses incurred for any additional miles traveled and other expenses incurred in the performance of highway committee duties on the same day.
BCL:RJV