TOWN OF VERNON, a quasi-municipal corporation, Plaintiff-Respondent and Cross-Appellant-Petitioner,

v.

WAUKESHA COUNTY, a quasi-municipal corporation; Waukesha County Highway Committee-Highway and Transportation Commission; and Waukesha County Highway Commissioner, Defendants and Co-Appellants and Cross-Respondents,

VILLAGE OF EAGLE and Town of Eagle, Intervening Plaintiffs-Respondents and Cross-Appellants-Petitioners,†

TOWN OF GENESSEE, Town of Mukwonago and Town of Pewaukee, Intervening Plaintiffs-Respondents,

STATE of Wisconsin, State of Wisconsin Department of Transportation, Intervening Defendant-Appellant and Cross-Respondent.

Supreme Court

*No. 79–1912. Argued June 2, 1981.—Decided June 30, 1981.*

(Also reported in 307 N.W.2d 227.)

---

† Motion for reconsideration denied, with costs, on September 1, 1981. ABRAHAMSON, J., took no part.

For Town of Vernon there were briefs by *Patrick F. Brown, Steven J. Steinhoff* and *Love, Brown, Love, Phillips & Davis* of Waukesha, and oral argument by *Patrick F. Brown.*

For Waukesha County, et al., there was a brief and oral argument by *Mark S. Gempeler,* corporation counsel.

For Village of Eagle and Town of Eagle there was oral argument by *David C. Williams* of Lake Geneva.

For State of Wisconsin the cause was argued by *Steven C. Underwood,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Amicus curiae brief was filed by *Thomas A. Schroeder* of Madison, for Wisconsin County Boards Association.

HEFFERNAN, J.   The only issue presented by this case is whether, under the provisions of sec. 83.025(1), Stats., a county can, without the consent of a town, remove a highway located therein from its county trunk highway system. We conclude that a county may do so without the consent of the town; and, accordingly, we affirm the decision of the court of appeals, which reversed the judgment of the circuit court.

The record shows that, in October of 1978, the county board of Waukesha county, acting under the color of authority conferred upon it by sec. 83.025(1), Stats., passed a resolution which removed several highways from the Waukesha county trunk highway system. Portions of county trunk NN, located in the towns of Mukwonago and Vernon, and a portion of county trunk highway N, located in the town and village of Eagle, were deleted from the Waukesha county's trunk highway sys-

tem. These deletions from the trunk highway system were approved by the Wisconsin department of transportation on December 13, 1978, and the transfer and control of the highways to the towns and the village in which they were located was to take effect on July 1, 1979.

The town of Vernon, questioning the authority of the county to take such action, commenced an action for declaratory relief, seeking a declaration from the circuit court for Waukesha county that the county was without power to delete highways from its trunk system. The village and town of Eagle, the town of Genessee, the town of Mukwonago, and the town of Pewaukee were permitted to intervene as plaintiffs; and the state of Wisconsin and its department of transportation intervened as defendants.

A motion by the defendants for judgment on the pleadings was denied, and on November 1, 1979, the circuit court granted the plaintiffs' motion for summary judgment, which declared that the county of Waukesha did not have the authority either to make additions to, or deletions from, the Waukesha county trunk highway system, because the county had not completed a "functional and jurisdictional classification of highways," as provided in sec. 83.025 (1), Stats. The trial court concluded that the adoption of such a classification plan—approved by the county board, the local governing bodies of the county, and the department of transportation—was a prerequisite to a county's exercise of jurisdiction to either add to, or to delete, highways from the county trunk highway system.

Waukesha county and the state of Wisconsin and their concerned departments appealed from the judgment.

The basic argument of the state and county was that the statute clearly, and without equivocation, authorizes a county to make changes in its highway system and that, by necessity, a change in such system can only be

accomplished by either additions to, or deletions from, the system. It further relied upon the argument that the long-standing, practical, and administrative construction of the statute had reinforced the plain meaning of sec. 83.025 (1), Stats., in its intent to allow county boards to delete portions of highways from the county trunk highway system.

The basic argument of the towns and village was that a county is a creature of the legislature and that it has only such powers as are expressly given to it, and that, because there is no grant of authority to permit a county board to delete a highway from its county trunk system (except pursuant to a properly adopted functional and jurisdictional classification), that power must be assumed not to exist. It is true, of course, that a county board has only such powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power.

The question then is simply one of statutory interpretation: What powers were expressly or impliedly conferred upon Waukesha county by sec. 83.025 (1), Stats. 1977? That section of the statute provides:

"83.025 **County trunk highways.** (1) The systems of county trunk highways heretofore selected by county boards and approved by the department of transportation are hereby validated. Changes may be made in the county trunk system by the county board if it deems that the public good is best served by making such changes. The county board in making such changes may order the county highway committee to lay out new highways and acquire the interests necessary by the procedures under s. 83.08. Such systems, however, may be altered or increased only with the consent of the department of transportation. The county board, or the county highway committee, shall, by conference with the boards or highway committees of adjoining counties, or otherwise, cause their respective systems to join so as to make continuous lines of travel between the counties. Any high-

way which is a part of the county trunk system shall, by virtue thereof, be a portion of the system of county aid highways. Any city or village street or portion thereof selected as a portion of such system prior to May 1, 1939, shall be a portion of such system. All streets or highways in any city or village over which is routed a county trunk highway or forming connections through such city or village between portions of the county trunk highway system shall be a part of such system unless the governing body of the city or village, by resolution, removes such street or highway from the county trunk system, but such removal shall apply only to that portion of any street or highway which is situated wholly within the city or village. In counties having a population of 500,-000 or more the county board may remove from the county trunk highway system any part thereof which lies within an incorporated village or city, but such removal shall not be effected until one year after annexation proceeding affecting the area in question has become final. Whenever a county has completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the department of transportation, those roads and streets allocated to the county's jurisdiction will be known as county trunk highways. Additions and deletions from such county trunks in the various municipalities may be made only by the county board with the consent of the department of transportation."

The general grant of power is conferred by the sentence in the section stating: "Changes may be made in the county trunk system by the county board if it deems that the public good is best served by making such changes." The statute then goes on to specifically give the county board authority to lay out new highways. It is thus apparent that the legislature specifically encompassed the layout of a new highway as being within the general authorization to make changes in the county trunk system. This is a power conferred separately from the statutory provision allowing additions or deletions

pursuant to a functional or jurisdictional plan. It is thus obvious that the power to change the system not only logically, but by express language, carries with it the authority to make "changes" in respect to a single highway.

The statute further provides that, under this authority, the system may be altered or increased. Because, as we have demonstrated, a change in the system specifically encompasses an order laying out a new highway—a change which would be an increase in the system—an alteration of the system clearly means something other than merely increasing the system by laying out a new highway. The statute provides: "Such systems . . . may be altered or increased . . . ." "Altered" is therefore clearly stated as a term not encompassed in "increased." If it merely means "increased," the term would be redundant. Such a construction is to be avoided. *Donaldson v. State,* 93 Wis.2d 306, 315, 286 N.W.2d 817 (1980). Hence, alteration must of necessity include that type of a change which authorizes the county to eliminate a highway from the county trunk highway system. A change in the system may, therefore, be made by the county board by either an increase or a decrease in the highways encompassed within the county trunk's system.

A similar interpretation of the statute was made by the attorney general. As long ago as 1925 the statute, then sec. 83.01(6), Stats., provided that the county trunk highway system, once approved by the county board, "shall be altered or increased only with the consent of the commission." That provision, with changes only in nomenclature, remains in the statute to the present date. In 1940, the highway commission (the predecessor of the department of transportation) asked the attorney general's opinion in respect to the effect of this provision on the power of a county to withdraw a street or high-

way from the county trunk system. The attorney general stated:

"[The statute] provided that after selection in the first instance by the county and approval thereof by the state highway commission 'the system shall be altered or increased only with the consent of the commission'. While we find no provision of the statutes expressly giving the county the power to remove any street, highway or portion thereof from the county trunk highway system of that county it does not appear that it was intended that such selection should be in perpetuity. The language thus above quote[d] that the system 'shall be altered or increased only with the consent of the commission' implies that the county may do something more or other than just increase the system. Withdrawal of a street, highway or portion thereof would be an alteration of the system and within the power of the county to be implied from the above language." 29 O.A.G. 23, 26 (1940).

Thus the attorney general, over forty years ago, reached the same conclusion that we reach now that the clear implication from the grant of power to the county is that it can withdraw a highway or portion of a highway from the county trunk scheme, and such withdrawal would be an alteration of its system and clearly within the statutory power of a county.

Although a well-reasoned attorney general's opinion is always of some persuasive value when a court later addresses the meaning of the same statute (*see State v. Ludwig*, 31 Wis.2d 690, 698, 143 N.W.2d 548 (1966)), it is particularly persuasive when the record shows that that opinion was accepted by the administrative agency primarily concerned with the implementation of the statute and that interpretation has been given a practical and uniform effect over a long period of time.[1]

[1] As to the importance of a uniform and long-standing course of administrative interpretation, *see American Motors Corp. v. ILHR Dept.*, 101 Wis.2d 337, 356, 305 N.W.2d 62 (1981).

As the court of appeals pointed out, since 1940 the legislature has amended the county trunk highway statute eight times but has never changed, except in respect to nomenclature, the sentence interpreted by the attorney general. This fact constitutes substantial evidence that the attorney general's opinion and the agency's implementation of that opinion comported with the legislative intent. *See Wisconsin Fertilizer Asso. v. Karns*, 52 Wis. 2d 309, 317, 190 N.W.2d 513 (1971). Each time the statute has been re-enacted since 1940, the legislature in effect ratified and adopted the meaning that the attorney general gave to that statute. Thus, the attorney general's interpretation of the statute and the administrative practice which followed it precludes, at this date, giving credence to the argument of the town of Vernon and its co-plaintiffs. We reiterated, however, that, were we construing this statute initially, we would find that, by its terms, it clearly confers upon the county the authority to delete a county trunk highway or a portion thereof as being a power implied from its authority to change or alter the county trunk highway system.

The affidavit of George Gundersen, the Chief of Statewide System Planning for the Wisconsin department of transportation is made a part of the record. Therein he recites the administrative practice and practical interpretation of sec. 83.025(1), Stats. He avers that, for over fifty years, the Wisconsin department of transportation has interpreted that statute to permit county boards to make changes in the county trunk system with the approval of the Wisconsin department of transportation. He sets forth the fact that written procedures of the department pursuant to that statute have specifically authorized the action of a county board which "discontinues a county trunk highway or portion thereof, which results in the reversion or transfer of jurisdiction to other public road status."

The same affidavit recites that the department of transportation has approved of hundreds of county board resolutions which made changes in the county trunk highway system without any town board approval. Gundersen also alleges that legislation which would require the town board approval for the discontinuance of highways in the county trunk system has repeatedly failed to be enacted.

We conclude, therefore, that a reasonable reading of the statute mandates the conclusion that a county board, with the approval of the state department of transportation, may discontinue or delete a highway as a part of the state trunk highway system. The administrative interpretation and the practical application of the statute confirm the meaning which we would give that statute, and we conclude that the county of Waukesha acted appropriately pursuant to the powers conferred upon it by sec. 83.025(1), Stats.

A portion of the trial court's decision relied on the last two sentences of sec. 83.025(1), Stats. These sentences were added by ch. 160, Laws of 1973:

"Whenever a county has completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the highway commission, those roads and streets allocated to the county's jurisdiction will be known as county trunk highways. Additions and deletions from such county trunks in the various municipalities may be made only by the county board with the consent of the commission."

The trial judge interpreted this 1973 amendment to deprive the county of any authority to either add to, or to make deletions in, the county trunk highway system unless it had adopted and had approved a functional and jurisdictional classification of highways. The trial judge construed this portion of the statute as placing a restric-

tion upon the power of the county. Properly construed, however, we think it is clear that the purpose of the amendment was to limit not the authority of a county board, but of the municipality in which a county trunk highway is located.

Prior to the amendment of 1973, the statute, sec. 83.025 (1), Stats., authorized cities and villages to unilaterally remove from the county trunk highway system any street which lay within the boundaries of a city or village. The amendment, the law of 1973, afforded a device which removed the authority of cities and villages to assert jurisdiction over portions of a county trunk system that are within their municipal jurisdiction. The elimination of this municipal authority to disrupt the county trunk highway system is afforded when a county has "completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the highway commission." Once that has been done, only the county board, with the consent of the department of transportation (formerly highway commission), can make changes in the county system.

Thus, the final effectuation of a plan of classification of highways as envisioned by ch. 160 of the Laws of 1973 would deprive cities and villages of their prior statutory right to remove a street or highway within their boundaries from a county trunk system, and plenary and unfettered jurisdiction would devolve upon the county board. Under such a system, the municipalities lose power, and the county acquires it exclusively.

As the record demonstrates, however, such a classification has not been finally adopted in Waukesha county; and at the time the record was prepared, no such classification plan had been finally approved anywhere in the state. Accordingly, the last two sentences of sec. 83.025 (1), Stats., upon which the trial court appeared to rely

quite heavily, are totally irrelevant to the case before us. A county may adopt such a plan, but it need not; and until such plan has been adopted, additions and deletions from the county trunks may be made by the county board with the consent of the department of transportation. At the present time, however, in Waukesha county, because the "plan" has not been approved, the governing body of a city or village, by resolution, may remove any street or highway from the county trunk system which is situated wholly within a city or village. But the county board when it concludes that "the public good is best served," with the approval of the state department of transportation, may change the county trunk highway system by laying out a new county trunk highway or by deleting an existing highway from the county trunk system. Accordingly, we conclude that Waukesha county, acting with the state department of transportation, appropriately changed or altered its county trunk highway system when it deleted portions of the existing county trunk highway system.

*By the Court.*—Decision affirmed.