RALPH E. SHARP, JR., Corporation Counsel Dodge County
You indicate that Dodge County Library Service, which is organized as a municipal library pursuant to section 43.52, Stats., and is in part funded by the county library tax pursuant to section 43.64, and its participating municipal libraries located within Dodge County are members of the Mid-Wisconsin Federated Library System which is organized pursuant to section43.19 and has its headquarters in Fond du Lac. The Waukesha County Federated Library System has the Oconomowoc Public Library as one of its members. Because of location, population concentration and school attendance, many Dodge County citizens have occasion to utilize the Oconomowoc Public Library. In the past, Dodge County Library Service has contracted with the Oconomowoc Public Library to pay a per capita fee for use of such library by Dodge County citizens. The Waukesha County Federated Library System has proposed to contract with the Mid-Wisconsin Federated Library System for a per capita user fee to be paid for use of each system's library facilities by citizens residing *Page 61 
in the other system. The fee would be paid by each system and not by the respective user. You indicate that the two systems are adjacent.
You inquire:
 Does a federated library system which enters into a service contract with another federated library system requiring the payment as between systems of a per capita fee for use of each system's library facilities by citizens residing within the boundaries of the other system "fail to honor valid borrowers' cards of all public libraries in the system by all public libraries in the system" within the meaning of sec. 43.24(2)(d)2., Stats?
I am of the opinion that it does not.
I agree with your initial conclusion that both federated library systems as agencies or joint agencies of the county or counties involved have only such powers as are expressly conferred by statute or necessarily implied from the powers expressly given. Town of Vernon v. Waukesha County,102 Wis.2d 686, 689, 307 N.W.2d 227, 228 (1981). Dane County v. H SS,79 Wis.2d 323, 329-30, 255 N.W.2d 539, 543 (1977). However, federated library systems have substantial expressly conferred and necessarily implied powers. Section 43.19(2) provides:
 (a) A federated public library system whose territory lies within a single county shall be deemed an agency of the county. A federated public library system whose territory lies within 2 or more counties shall be deemed a joint agency of those counties, but constitutes a separate legal entity for the following purposes: to have the exclusive custody and control of all system funds; to hold title to and dispose of property; to construct, enlarge and improve buildings; to make contracts; and to sue and be sued.
 (b) A federated public library system board shall have the powers of a library board under ss. 43.58 to 43.62 with respect to system-wide functions and services. The local library boards shall retain responsibility for their public libraries in all other areas.
Section 43.17(6) provides: "COOPERATIVE SERVICES. A public library system may contract with another such system or with other libraries or resource centers to provide and receive library services." *Page 62 
Section 43.24 sets forth the standards for payment of state aid to library systems and for qualifying for and maintaining eligibility for such aid. Subsection (2)(b) provides that in order to maintain eligibility for state aid a system "must meet the service criteria specified under pars. (c) to (g)." Paragraphs (d) and (e) provide in part:
 (d) Each system shall provide the following services by the end of the 2nd year of operation:
 1. Complete library service as provided at the headquarters library or at the resource library if different from the headquarters library to any resident of the system on the same terms as the service is available to residents of the headquarters community.
 2. The honoring of valid borrowers' cards of all public libraries in the system by all public libraries in the system.
 (e) Each system shall provide the following services by the end of the 3rd year of operation:
. . . .
 3. Service agreements with all adjacent library systems.
Subparagraph (e)3. is concerned with service agreements between systems, while subparagraphs 1. and 2. of paragraph (d) are concerned with service to be extended within a given system. A system is not required to extend to all borrowers of a system with which it contracts identical services or on the same terms as it furnishes such services to residents within boundaries of the system.
Section 43.52(2) is not directly applicable to a federated library system but provides in part:
 Every public library shall be free for the use of the inhabitants of the municipality by which it is established and maintained, subject to such reasonable regulations as the library board prescribes in order to render its use most beneficial to the greatest number. The library board may exclude from the use of the public library all persons who wilfully violate such regulations.
We need not determine here whether the words "free for the use of" means without cost in a financial sense or whether it means available to all inhabitants of the municipality. Compare Boardof Education v. Sinclair, 65 Wis.2d 179, 222 N.W.2d 143 (1974) and Gregory's Book Store, Inc. v. Providence Public Library,46 R.I. 283, 127 A. 150 *Page 63 
(1925). The "free for the use of" language is however limited to "the inhabitants of the municipality by which it is established and maintained" and such free use need not be granted to inhabitants of another municipality to which library services are extended under section 43.60(1) and (2), which provide:
 (1) The library board of any municipality may, by contract or upon such conditions and regulations as it prescribes, extend the use of the public library to nonresidents of the municipality, or exchange books either permanently or temporarily with any other library.
 (2) The library board of any municipality may, by agreement with any other municipality, provide for the loaning of books from its public library, singly or in traveling libraries, to the residents of the other municipality. The other municipality may levy a tax and appropriate money annually to meet its obligations under the agreement.
Subsection (1) would permit contracts between a library board and the governing board of another municipality, or contracts between a library board and individual nonresidents. Subsections (1) and (2) do not require that a library board, when contracting with nonresidents or municipalities, extend services to all nonresidents on the same terms as it furnishes such services to residents within the boundaries of the municipality by which it is established or maintained.
The proposed contract provides for reimbursement for use by a nonresident within the system as follows:
 Library users are required to conform to the rules and regulations of the library and the system from which they borrow materials and to pay promptly all delinquency charges which may accrue against them. The same rules, regulations, fine and fee schedules shall apply to local borrowers and intersystem borrowers.
This provision would be in substantial compliance with the eligibility criteria in section 43.24(2)(d)2. set forth above. The per capita user fee in the proposed contract would be paid by the respective system and not by the user. In my opinion its inclusion would not make a system, otherwise eligible, ineligible for state aid under section 43.24. Failure to enter into some type of reasonable service *Page 64 
agreement with "all adjacent library systems" as required by section 43.24(2)(e)3. would jeopardize eligibility for state aid.
BCL:RJV