FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You advise that Kenosha County has experienced an influx of marriage license applicants seeking to avoid newly enacted State of Illinois legislation which requires mandatory testing for AIDS of all marriage license applicants. The increase in the number of such applicants apparently has caused substantial increases in staff time for various county offices, including the county clerk's office.
Based on the foregoing, you first inquire whether the county board of supervisors of your county may charge a higher marriage license fee only to those certain nonresidents who would be required to submit to AIDS testing in their home state. AS an alternative question, you inquire whether members of the above-described class could be required to submit to AIDS testing as a condition of obtaining a Wisconsin marriage license The answer to both questions is no.
Section 765.15, Stats., provides in part, as follows:
 Fee to county clerk. Each county clerk shall receive as a fee for each license granted the sum of $29.50, of which $4.50 shall become a part of the funds of the county, and $25 shall be paid into the state treasury. Each county board may increase the license fee of $29.50 by any amount, which amount shall become a part of the funds of the county.
Counties have no inherent power to govern, and they function almost exclusively in view of the state's policy at large and for the purpose of providing political organization and civil administration in matters of state concern. See Columbia Countyv. Wisconsin Retirement Fund, 17 Wis.2d 310, 317, 116 N.W.2d 142
(1961); Dane County v. H SS Dept., 79 Wis.2d 323, 329-30,255 N.W.2d 539 (1977); Brown County v. H SS Department,103 Wis.2d 37, 43 307 N.W.2d 247 (1981). It is well recognized that "`a county board *Page 155 
has only such powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power.'" St. ex rel. Teunas v. KenoshaCounty, 142 Wis.2d 498, 504, 418 N.W.2d 833 (1988), quoting from Town of Vernon v. Waukesha County, 102 Wis.2d 686, 689,307 N.W.2d 227 (1981); see also Maier v. Racine County,1 Wis.2d 384, 385, 84 N.W.2d 76 (1957).
While section 765.15 clearly authorizes your county board to increase "by any amount" the portion of such marriage license fee which the county is authorized to retain, the authority to collect that portion of the license fee is undoubtedly only intended by the Legislature to insure that counties are allowed to offset or recover the administrative costs associated with the processing of marriage licenses at the county level.[1] Those costs do not differ appreciably as between applicants who are residents and those who are not residents. Moreover, the express statutory grant of authority to county boards to increase "the
license fee of $29.50 by any amount" does not give rise to a necessary implication that the county may establish a number of different marriage license fee classifications. The statute implies quite the contrary.[2]
Finally, I do not discern any indication in the legislative treatment of the issuance of Wisconsin marriage licenses which reflects a state policy intended to discourage nonresidents from contracting marriage in Wisconsin. Wisconsin also has no laws providing for mandatory testing for AIDS similar to those you describe. Therefore, under the general principles cited above, it would be inappropriate for the county board to attempt to exercise authority in the fashion you suggest to enforce the social policies of another state.
DJH:JCM
[1] Section 765.08(2) also allows the clerk to charge "anadditional fee of not more than $10 to cover any increasedprocessing cost incurred by the county" for issuing a marriage license on an expedited basis, see also 1 Op. Att'y Gen. 287, 289 (1911), 7 Op. Att'y Gen. 561, 562 (1918).
[2] The proposed differential treatment by your county between residents of Wisconsin and other states in the granting of marriage licenses might also give rise to constitutional concerns, particularly under the equal protection clause of section I of the fourteenth amendment, United States Constitution, and Wisconsin Constitution article I, section 1.See 60 Op. Att'y Gen. 18 (1971). However, the conclusions reached herein, based upon the statutes involved, render further discussion of such concerns unnecessary. *Page 156