BENJAMIN SOUTHWICK, Corporation Counsel Richland County
BRYAN J. FISCHER, Corporation Counsel Adams County
You each ask whether there are any circumstances under which multiple per diem compensation can be paid to a county board supervisor for attendance at more than one committee meeting on the same day on days when the county board is not in session.
In my opinion, the answer is no unless the county is a self-organized county under section 59.03 (1), Stats.
Section 59.06 provides in part as follows:
 (2) Except as provided under sub. (3), committee members shall receive such compensation for their services as the board allows, not exceeding the per diem and mileage allowed to members of the board and such committee members shall receive such compensation, mileage and reimbursement for other expenses as the board allows for their attendance at any school, institute or meeting which the board directs them to attend. No supervisor shall be allowed pay for committee service while the board is in session, nor for mileage except in connection with services performed within the time herein limited.
Although prior attorney general opinions are not in complete harmony in circumstances where a member of a county board committee seeks additional per diem compensation for service on a committee for some other unit of government or for service on an entity that is not a committee of the county board, prior attorney general opinions have uniformly concluded that multiple *Page 123 
per diems for committee meetings are not permissible in counties that are not self-organized under section 59.03 (1). See 68 Op. Att'y Gen. 73 (1979); 50 Op. Att'y Gen. 187 (1961); 42 Op. Att'y Gen. 326 (1953). As stated in 68 Op. Att'y Gen. at 75, "[t]his question has been answered in the negative by several attorneys general, and I am in agreement." Such contemporaneous opinions of the attorney general are entitled to considerable weight in construing the statute. Town of Vernon v. Waukesha County,99 Wis.2d 472, 479, 299 N.W.2d 593 (Ct.App. 1980), aff'd,102 Wis.2d 686, 307 N.W.2d 227 (1981). I therefore continue to adhere to them.
In self-organized counties, however, section 59.03 provides in part as follows:
 The boards of the several counties shall be composed of representatives from within the county elected and compensated as provided in this section. Each county board shall act under sub. (2), (3) or (5), unless the county board adopts an ordinance, by a majority vote of the entire membership, to act under sub. (1). If a county board adopts such ordinance, a certified copy shall be filed with the secretary of state.
(1) SELF-ORGANIZED COUNTIES. . . .
. . . .
 (c) Compensation. The method of compensation for supervisors shall be determined by the county board.
 (d) Vacancies. A county board may determine the procedure for filling a vacancy.
In 65 Op. Att'y Gen. 16 (1976), section 59.03 (1)(d) was construed as vesting broad discretion in county boards of supervisors in self-organized counties to determine how supervisory vacancies will be filled. Under the rationale of that opinion, section 59.03 (1)(c) must similarly be construed to vest broad discretion in county boards of supervisors in self-organized counties to determine how supervisors in such counties will be compensated. *Page 124 
The history of the statute also indicates that the Legislature intended to vest broad discretion in county boards by enacting section 59.03 (1)(c): "NOTE: This new paragraph gives a county board acting under this subsection complete discretion to establish a method for compensating supervisors." Legislative Reference Bureau Analysis of 1973 Senate Bill 27, section 4, which was enacted as chapter 118, section 4, Laws of 1973.
I therefore conclude that, except in self-organized counties, a county board may not establish multiple per diems for attendance at more than one committee meeting on the same day on days when the county board is not in session.
DJH:FTC *Page 125