John SYMES, Plaintiff-Co-Appellant,†

v.

MILWAUKEE MUTUAL INSURANCE COMPANY, and Troy R. Kelsey, Defendants-Respondents,

Muriel GERVASI, d/b/a/ Black Bear Lounge, Defendant-Appellant.

Court of Appeals

*No. 92–0197. Oral argument October 15, 1992.—Decided July 29, 1993.*

(Also reported in 505 N.W.2d 143.)

†Petition to review denied.

For the plaintiff-co-appellant the cause was submitted on the briefs of *Kenan J. Kersten* and *Dyan Evans Barbeau* of *Kersten & McKinnon, S.C.* of Milwaukee and orally argued by *Kenan J. Kersten*.

For the defendant-respondent the cause was submitted on the brief of *William A. Johnson* of *McCusker and Robertson, S.C.* of Madison and orally argued by *William A. Johnson*.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   John Symes was beaten severely in an off-premises bar fight with Troy Kelsey, an underage patron of the Black Bear Lounge, operated by defendant Muriel Gervasi. Symes attempts to state a cause of action against Gervasi and her liability insurer, Milwaukee Mutual Insurance Company, for Gervasi's negligence in allowing Kelsey to "enter and be on" the licensed premises in violation of sec.

125.07(3), Stats. He claims that this negligence is "separate and independent" of Gervasi's negligence in serving Kelsey intoxicating beverages. Milwaukee Mutual's policy excludes coverage for bodily injury for which Gervasi may be liable because she furnished alcoholic beverages to a person under the legal drinking age.

The circuit court granted Milwaukee Mutual summary judgment because it concluded that when furnishing of intoxicating beverages was removed from consideration, no reasonable juror could find that Kelsey's mere presence in the bar was a substantial factor contributing to Symes' injuries. We agree and affirm the judgment dismissing Symes' action against Milwaukee Mutual.

Section 125.07(3), Stats., provides in part:

> (a)   An underage person not accompanied by his or her parent, guardian or spouse who has attained the legal drinking age may not enter, knowingly attempt to enter or be on any premises for which a license or permit for the retail sale of alcohol beverages has been issued . . . .
>
> (b)   A licensee or permittee who directly or indirectly permits an underage person to enter or be on a licensed premises in violation of par. (a) is subject to a forfeiture of not more than $500.

Symes contends that Gervasi's negligence in allowing Kelsey to enter and remain on the licensed premises is not excluded from coverage under Milwaukee Mutual's policy. Symes argues that extending liability to licensees who violate sec. 125.07(3), is the logical application of the principles announced by the Wisconsin Supreme Court in *Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984), and *Koback v. Crook*, 123 Wis. 2d 259, 366 N.W.2d 857 (1985).

In *Sorensen*, the court held that a third party injured by an intoxicated minor had a common-law negligence action against a retail seller for the negligent sale of an intoxicating beverage to a person the seller knew, or should have known, was a minor and whose consumption of the alcohol was a cause of the accident. Thus, the court abandoned the common-law rule of nonliability it had adopted in previous decisions.[1] The court accepted the following formulation by Justice Day, dissenting in *Olsen v. Copeland*, 90 Wis.

[1] Civil liability for persons who unlawfully provide intoxicating beverages to minors who subsequently injure themselves or others evolved in a series of appellate decisions. *See, e.g., Farmers Mut. Auto. Ins. Co. v. Gast*, 17 Wis. 2d 344, 117 N.W.2d 347 (1962) (vendor of intoxicating liquor not liable to third person for injury or damage resulting from intoxication of vendee), *overruled, Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984); *Garcia v. Hargrove*, 46 Wis. 2d 724, 176 N.W.2d 566 (1970) (common-law rule of non-liability of vendor of intoxicating liquors adhered to), *overruled, Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984); *Olsen v. Copeland*, 90 Wis. 2d 483, 280 N.W.2d 178 (1979) (common-law rule adhered to by divided court), *overruled, Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984); *Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984) (common-law non-liability rule abandoned; previous decisions to contrary expressly overruled); *Koback v. Crook*, 123 Wis. 2d 259, 366 N.W.2d 857 (1985) (liability extended to social host); *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 387 N.W.2d 751 (1986) (*Sorenson* not applied retroactively); *Smith v. Kappell*, 147 Wis. 2d 380, 433 N.W.2d 588 (Ct. App. 1988) (traditional principles of tort law applied to underage person furnishing alcohol beverages to minors); *Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 476 N.W.2d 871 (1991) (*Sorenson* applied where vendor of intoxicating beverages sold to a minor who furnished such beverages to another minor).

2d 483, 497, 280 N.W.2d 178, 184 (1979), *overruled,* *Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984):

> [T]he vendor in this case was guilty of a negligent act if he sold intoxicating beverages to a person who he knew or should have known was intoxicated and who he knew or should have known would be driving in an intoxicated condition. *If such negligence was a substantial factor in causing harm to a third person[,] the commercial vendor . . . should be liable with the intoxicated person under the comparative negligence rule.*

*Sorensen,* 119 Wis. 2d at 644, 350 N.W.2d at 117 (emphasis added).

The *Sorensen* court said that it is implicit in this rule that the sale to the minor must be negligent, but that under *Farmers Mut. Auto. Ins. Co. v. Gast,* 17 Wis. 2d 344, 117 N.W.2d 347 (1962), *overruled, Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984), the sale to a minor is negligence *per se.* The court further said: "Additionally, the sale of the liquor must have been a cause of eventual injury to a third party." *Sorensen,* 119 Wis. 2d at 645, 350 N.W.2d at 117.

In *Koback,* the court applied the *Sorensen* rationale to a negligent social host. 123 Wis. 2d at 265–66, 366 N.W.2d at 859. The court specifically held that it is negligence *per se* to furnish alcoholic beverages to a minor. *Id.* at 266, 366 N.W.2d at 860. The court rejected the argument that the furnishing of intoxicants by a social host to his or her guests as a cause of harm to third parties was too remote to be actionable. *Id.* at 269, 366 N.W.2d at 862. The *Koback* court explained the rationale of *Sorensen* and *Koback* as follows:

> The rationale . . . which we have adopted, is simply that a person who negligently furnishes liquor to another, when such furnishing of liquor or other intoxicant is a substantial factor in causing an injury, is not in social justice entitled to an immunity from the consequences of such conduct.

*Id.* at 272, 366 N.W.2d at 863.[2]

The *Koback* court also quoted Justice Day's dissent in *Olsen*:

> The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act.
>
> . . .
>
> A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is liable for unforeseeable consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs.

*Id.* at 273, 366 N.W.2d at 863 (quoting *Olsen*, 90 Wis. 2d at 496–97, 280 N.W.2d at 184). The court further stated:

> If conduct is of a nature that will foreseeably cause harm to anyone, it is negligent. If the conduct is the violation of a safety statute whose purpose is to avoid or diminish the likelihood of the harm that resulted, the conduct is considered to be negligence

---

[2] In 1985, the legislature extended limited immunity from civil liability to persons who negligently furnish intoxicating beverages to another. *See* sec. 125.035, Stats. (created by sec. 4, 1985 Wis. Act 47).

*per se*. If that negligence is a substantial factor—a cause in fact—in respect to an injury, liability will follow unless in the particular case, as a matter of policy to be determined by the court, the results are so unusual, remote, or unexpected that, in justice, liability ought not be imposed.

*Id.* at 273, 366 N.W.2d at 864.

Symes argues that the rationale of these cases logically extends to recognize causes of action based on negligence *per se* and common-law negligence where a tavern licensee negligently and illegally permits an underage person to enter and remain on the licensed premises. [3] Symes contends that a jury could find that Kelsey's presence in the Black Bear Lounge constituted a significant factor contributing to Symes' damages.

The *Koback* court concluded that the statutes prohibiting persons from selling, furnishing, or giving fermented malt beverages or intoxicating liquor to minors are safety statutes, and that violation of the statutes constitutes negligence *per se*.[4] 123 Wis. 2d at 266, 366 N.W.2d at 860. The predictable result of furnishing intoxicants to minors is their loss of judgment and control. There is, therefore, good reason to consider statutes prohibiting the sale, furnishing or giving of intoxicants to minors as "safety" statutes. However, there is no such predictable result when a minor is simply allowed to enter and remain on the premises of an establishment licensed to sell intoxicating beverages.

---

[3] Whether such an extension is logical is questionable in view of the legislature's grant of limited civil immunity for the conduct involved in *Sorensen* and subsequent cases.

[4] The statutes in effect when the incident considered in *Koback* occurred were secs. 66.054(20) and 176.30, Stats. (1979–80). The applicable statute is now sec. 125.07(1), Stats.

We conclude that sec. 125.07(3), Stats., is not a safety statute whose purpose is to avoid or diminish the likelihood of the harm that was caused Symes. Judicial construction of the predecessor statutes to sec. 125.07(3) considers such statutes to shield immature persons from the baneful influences of tavern life. In *State v. Wrobel*, 24 Wis. 2d 270, 274, 128 N.W.2d 629, 631 (1964), the court said that sec. 176.32(1), Stats. (1961), had to be read in relation to other statutes governing minors and their work. The court said that sec. 103.69(3)(l), Stats. (1961), was significant; the statute prohibited the employment of persons under eighteen in places where liquor was sold. In *State v. Ludwig*, 31 Wis. 2d 690, 696–97, 143 N.W.2d 548, 550 (1966), the court considered whether the statutory exemption of bowling alleys permitted minors to frequent a bar room which was run in conjunction with a bowling alley. The court approved the trial court's observation that "[m]inors are not contaminated by their presence in . . . places" the predominant purpose of which is "to furnish lodging, food, sale of drugs and groceries, and for the recreation of bowling." The trial court referred to the "evil of permitting minors to loiter in bars and taverns for amusement purposes." *Id.* at 696–97, 143 N.W.2d at 550. We conclude that the purpose of sec. 125.07(3), is to protect the underage person from the potentially pernicious influences of the tavern activities and atmosphere and not to protect those who may be placed in association with the underage person.

Even if sec. 125.07(3), Stats., is construed to be a safety statute, it does not necessarily follow that Gervasi's violation of the statute constituted negligence

*per se*. In *Tatur v. Solsrud*, 174 Wis. 2d 735, 743, 498 N.W.2d 232, 235 (1993), the court said:

> For the violation of safety statute to constitute negligence *per se*, a plaintiff must show: (1) the harm inflicted was the type the statute was designed to prevent; (2) the person injured was within the class of persons sought to be protected; and (3) there is some expression of legislative intent that the statute become a basis for the imposition of civil liability. [Citation omitted.]

Symes has not shown that the harm Kelsey inflicted on him was the type of harm sec. 125.07(3) was designed to prevent. Nor has he shown that he was within the class of persons sought to be protected by the statute. Symes does not refer us to any expression of legislative intent that a violation of sec. 125.07(3) shall be a basis for civil liability. Where there is no direct expression of such intent, the intent may be inferred from the language and surroundings of the statute. *Walker v. Bignell*, 100 Wis. 2d 256, 271, 301 N.W.2d 447, 455–56 (1981). We find no language in sec. 125.07(3) from which we may infer a legislative intent to impose civil liability for its violation.

██

 It is helpful to contrast sec. 125.07(3), Stats., with sec. 125.035, Stats. The latter section expressly recognizes that a person may be civilly liable for damages resulting from the procuring for or selling, dispensing or giving away alcohol beverages to another person. No similar expression of legislative intent exists as to sec. 125.07(3). We therefore conclude that Symes fails to state a claim against Gervasi on the ground that her violation of sec. 125.07(3) was negligence *per se*.

Symes also argues that he states a claim against Gervasi for common-law negligence. In *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132, 135 (1976), the court said:

> In order to constitute a cause of action for negligence there must exist: (1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as the result of the injury. [Citations omitted.]

It further stated:

> A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is liable for unforeseeable consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs.

*Id.* at 536, 247 N.W.2d at 137 (quoting *A.E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 484, 214 N.W.2d 764, 766 (1974)). We conclude that it was not foreseeable that Gervasi's negligence in allowing Kelsey to enter and remain on the licensed premises could cause harm to someone. Gervasi may be liable to Symes because she furnished intoxicating beverages to Kelsey in violation of sec. 125.07(1)(a), Stats., but Milwaukee Mutual's policy excludes coverage for such liability.

The influence of alcohol does not dissipate at the tavern door. Therefore, a licensee who furnishes alcohol beverages to an underage person may be liable for damages caused by that negligence which are incurred

574

at places far removed from the tavern premises. We are unable, however, to find any causal relation between Kelsey's mere presence on the licensed premises and his assault on Symes some ten blocks from the Black Bear Lounge.

■

Symes attempts to extend the general duty of a tavern owner to exercise ordinary care for the protection of patrons beyond the boundaries of the business premises. The Wisconsin Supreme Court rejected a similar attempt in *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 487–88, 387 N.W.2d 751, 762 (1986). In that case, Delvaux died as a result of injuries he received in a fight off the tavern premises. The court said that the rule regarding a tavern owner's duty to protect a patron from acts of third persons is properly set forth in Wis J I—Civil 8045, which instructs that the proprietor of a place of business (*i.e.*, a tavern) has a duty to exercise ordinary care to protect members of the public *while on the premises* from bodily harm caused them by the accidental, negligent, or intentional harmful acts of third persons.[5] The court refused to extend a tavern owner's duty beyond the licensed

---

[5] Wisconsin J I—Civil 8045 instructs in part:

Duty of a Proprietor of a Place of Business to Protect a Patron From Injury Caused By Act of Third Person

As the proprietor of a (tavern, etc.) who opens it to the public for his business purposes, (proprietor) had a duty to use ordinary care to protect members of the public *while on the premises* from harm caused to them by the accidental, negligent, or intentional acts of third persons if by using ordinary care, he could have discovered that the acts were being done or were about to be done, and he could have protected the (injured patron) by controlling the conduct of the third person or by giving a warning adequate to enable them (injured patron) to avoid harm. However, (proprietor) is not required to guarantee the safety of patrons against injuries inflicted by other patrons on the premises. [Emphasis added.]

premises. *Delvaux*, 130 Wis. 2d at 487, 387 N.W.2d at 762. We conclude that that result is not altered by sec. 125.07(3), Stats.

*By the Court.*—Judgment affirmed.