# Mike O. Flynn, Plaintiff-Respondent,

v.

## Audra's Corp., Defendant-Appellant,†
## J.B. Van Hollen, Attorney General, Nominal-Defendant.

Court of Appeals

*No. 2010AP882. Submitted on briefs February 8, 2011.
—Decided February 23, 2011.*

### 2011 WI App 39

(Also reported in 796 N.W.2d 230.)

† Petition for Review denied 6/15/11.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Raymond J. O'Dea* and *William T. Nordeen* of *O'Dea, Nordeen and Burink, P.C.*, Marquette, MI.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Johnny L. Waara* of *Petrucelli & Waara, P.C.*, Iron River, MI.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Audra's Corp. appeals an order

denying its motion for summary judgment.[1] Mike Flynn sued Audra's after he sustained injuries in a fight outside of the Chuckwagon Bar, a tavern owned and operated by Audra's. Audra's argues it cannot be held liable because it only had a duty to protect Flynn from injury on the tavern's premises, and Flynn's injuries did not occur on property legally owned by the tavern. However, because the fight took place on land directly adjacent to the tavern, which Audra's maintained and used as a parking lot for tavern patrons, we conclude as a matter of law that Flynn's injuries occurred on the tavern's premises. We therefore affirm.

## BACKGROUND

¶ 2.   On October 14, 2005, Mike Flynn was a patron at the Chuckwagon. That evening, several unruly customers were asked to leave the bar. A group of twenty to thirty people, including Flynn, followed these customers outside. Once outside, a fight ensued, during which another patron punched Flynn in the head.

¶ 3.   Flynn sued Audra's, alleging it breached its duty to protect him from harm caused by third persons while on the tavern's premises. Audra's moved for summary judgment, contending it had no duty to protect Flynn because he was not on the Chuckwagon's premises when he was injured. Audra's conceded the assault occurred on land that the Chuckwagon used as a parking lot. However, it argued that land was actually a Wisconsin Department of Transportation right-of-way and was not legally owned by the tavern. In response, Flynn contended formal ownership of the land was not required to hold Audra's liable. He as-

---

[1] We granted leave to appeal a nonfinal order on May 26, 2010.

255

serted the assault took place on the Chuckwagon's premises because, although the tavern did not technically own the land, it used the land as a parking lot, maintained the land, and benefitted from the land economically.

¶ 4. The circuit court concluded that the jury should decide whether the location of the fight was on the Chuckwagon's premises. It therefore denied the motion for summary judgment. Audra's now appeals.

## DISCUSSION

¶ 5. We independently review the circuit court's denial of summary judgment, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2) (2009–10). Here, the pertinent facts are undisputed, leaving only an issue of law for our consideration. We disagree with the circuit court's conclusion that the jury should decide whether the tavern's premises included the adjacent parking lot. Because the facts are undisputed, that determination is a matter of law, not of fact.

¶ 6. A tavern owner's duty to protect a patron from third persons is recited in Wis JI—Civil 8045 (2011), which states that the proprietor of a tavern has "a duty to use ordinary care to protect members of the public *while on the premises* from harm caused to them by the accidental, negligent, or intentional acts of third

256

persons[.]" (Emphasis added.) Neither the jury instruction nor the principal case on which it is based, *Weihert v. Piccione*, 273 Wis. 2d 448, 78 N.W.2d 757 (1956), defines the term "premises." Audra's contends that a tavern's premises include only the property actually owned by the tavern. However, neither the jury instruction nor prior case law defines "premises" strictly according to legal ownership.

¶ 7. Our supreme court has explained the rationale for a tavern owner's duty to protect patrons. In *Alonge v. Rodriquez*, 89 Wis. 2d 544, 551, 279 N.W.2d 207 (1979) (quoting RESTATEMENT (SECOND) OF TORTS § 344 cmt. f (1965)), the court stated that a tavern owner

> may ... know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Thus, a tavern owner owes a duty to protect patrons because the owner has superior knowledge of dangers that the place and character of the business may pose. This rationale applies equally regardless of whether a patron's injuries occur in a parking lot owned by the tavern or in an adjacent area that the tavern maintains and uses as a parking lot. Requiring that the tavern legally own the property would elevate form over substance.

257

¶ 8. Here, Flynn was approximately thirty to thirty-five feet from the Chuckwagon building when he was punched. It is undisputed that Audra's does not own the property where Flynn's injuries occurred, but it uses that property as a parking lot. Flynn asserts the Department of Transportation gave Audra's permission to use the property as a parking lot, and Audra's does not dispute this assertion. Furthermore, Audra's maintains the property by plowing it during the winter. Based on the *Alonge* rationale, we see no legitimate difference between the area of the parking lot owned by the tavern and the area adjacent to it with respect to the tavern's ability to know or have reason to know whether Flynn was at risk of injury. Therefore, we conclude Flynn's injuries occurred on the tavern's premises.

¶ 9. Audra's argues *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 387 N.W.2d 751 (1986), stands for the proposition that a tavern's premises do not extend beyond property the tavern legally owns. There, Delvaux and another patron got into an argument in a bar while playing pool. *Id.* at 468–69. The bartender separated the men, who left the bar separately. Later that evening, the men were involved in a fight several blocks away from the bar, and Delvaux was fatally beaten. *Id.* at 469–70. His estate sued the bar's owner. Our supreme court declined to extend the tavern owner's duty to protect patrons "beyond his business premises" and affirmed dismissal of the estate's claim. *Id.* at 487.

¶ 10. The *Delvaux* court did not define the term "business premises." There was no need to do so because it was undisputed that the altercation occurred several blocks from the bar, and Delvaux's estate did not contend the altercation occurred on the bar's premises. Instead, the estate asked the court to extend a tavern

owner's duty beyond the business premises. Thus, *Delvaux* does not control the operative question in this case—whether a tavern's premises include property adjacent to the tavern that the tavern maintains and uses as a parking lot. *Delvaux* certainly does not stand for the proposition that the term "business premises" only encompasses property legally owned by the tavern.

¶ 11.   Audra's next contends that, even if *Delvaux* did not define the term "business premises," our subsequent decision in *Symes v. Milwaukee Mutual Insurance Co.*, 178 Wis. 2d 564, 505 N.W.2d 143 (Ct. App. 1993), "found business premises means licensed premises, which would not extend beyond the property of the Tavern[.]" After leaving a tavern, Symes was assaulted by another patron about ten blocks away. *Id.* at 566, 575. We rejected Symes' argument that the tavern owner should be liable for Symes' injuries, noting *Delvaux* had rejected a similar attempt to extend a tavern owner's duty to protect patrons. *Symes*, 178 Wis. 2d at 575. In so doing, we stated that the *Delvaux* court "refused to extend a tavern owner's duty beyond the *licensed premises.*" *Symes*, 178 Wis. 2d at 575–76 (emphasis added).

¶ 12.   Contrary to Audra's contention, we do not read *Symes* as modifying or restricting *Delvaux*. The fight in *Symes* occurred a substantial distance away from the tavern. Like the plaintiff in *Delvaux*, Symes did not contend that the fight occurred on the tavern's business premises. Rather, he wanted to extend the tavern owner's duty beyond the business premises. *Symes*, 178 Wis. 2d at 575. We rejected his argument based squarely on *Delvaux*. Our use of the term "licensed premises" added nothing to the analysis. We merely used "licensed premises" as a synonym for "business premises." Thus, *Symes* does not prevent us

from concluding as a matter of law that Flynn's injuries occurred on the Chuckwagon's business premises.

*By the Court.*—Order affirmed.